No. 3979

Second Circuit

ALLEN v. CAMPBELL ET AL.

(May 20, 1931. Opinion and Decree.)
(July 14, 1931. Rehearing Refused.)

See also, Stevenson v. Campbell, 134 So. 718, 17 La. App. 142.

H. W. Ayres, of Jonesboro, attorney for plaintiff, appellee.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for defendants, appellants.

DREW, J. Plaintiff alleged that his minor daughter, while driving his Chevrolet coupe on the paved highway coming from Hodge, La., to Jonesboro, La., was run into by a large truck, belonging to L. T. Campbell and being driven by Grady Atkins; that his daughter was driving at a moderate rate of speed on the extreme right-hand side of the road, and, before being struck by the truck, had brought her car almost to a stop; that the truck was being driven at an excessive rate of speed and, on its left-hand side of the road; and that his car was nearly, if not entirely, demolished—all through the fault, negligence, and carelessness of said Atkins, who was in the employ of Campbell and engaged in the said Campbell's business at the time. Plaintiff further alleged that the cost to repair his car was $409.46, and the value of the car was depreciated in an additional sum of $75. He prayed for judgment accordingly against Campbell and Atkins in solido.

Plaintiff further alleged that the collision threw his car across the road into the path of a truck owned by W. C. Stevenson, whose truck also ran into plaintiff's car, and made Stevenson a party defendant. However, before trial the case as to Stevenson was non-suited.

Defendants Campbell and Atkins filed exceptions to the citation which were not passed upon by the lower court and are not urged here. They then answered, denying the main allegations of plaintiff's petition, and alleged that Atkins was operating the truck at a lawful and reasonable rate of speed, not in excess of twenty miles an hour and on the right-hand side of the road; that plaintiff's car was being driven at a careless and reckless rate of speed on the wrong side of the road, with utter disregard of the rights of others upon the highway, which was the sole and only cause of the accident. Defendants further alleged that plaintiff's car struck defendants' truck at a point to the rear

of the driver's seat and deny liability; and in the alternative, pleaded contributory negligence by reason of the facts alleged.

On these issues the case was tried in the lower court, resulting in judgment for plaintiff, as prayed for. From this judgment defendants prosecute this appeal.

Appellee has filed in this court a motion to dismiss the appeal. The question presented in said motion has never been directly passed upon, and we prefer to overrule same and pass upon the merits, since our finding is that the judgment of the lower court is correct.

Plaintiff produced four eyewitnesses to the accident, all of whom testified that plaintiff's car was on the extreme right-hand side of the road coming towards Jonesboro; that the truck was in the middle and to the left of the road, going towards Hodge. The road consisted of eighteen feet of pavement, and the shoulders had not been completed; and to the right of plaintiff's car, just off the pavement, was a ditch several feet deep, which prevented plaintiff's car from leaving the pavement. The uncontradicted testimony of several witnesses is that plaintiff's car was brought almost to a stop at the time of the accident, with the right wheel within a few inches of the edge of the pavement, and while in this position that the heavy truck of defendant crashed into it, practically demolishing it.

The young lady driving the car was knocked unconscious, and remained so until the next day. The truck was moving at a speed of twenty-five or thirty miles per hour, and, after the accident, continued on its way, without ever stopping, the driver of same being stopped at Ruston, about twenty miles away, and returned to jail at Jonesboro.

Defendant offered only one witness, the claim agent of the insurer of defendant Campbell, who viewed the scene two days later, and who testified that there was a shoulder on the road at the place of the accident about two and one-half to three feet wide, and only about six inches lower than the pavement. The preponderance of the evidence, however, is to the contrary. Atkins, the driver of the truck, was not only negligent and careless, but he was criminally negligent, and his action, after he had crashed into plaintiff's car, in speeding away with utter disregard for the occupant of the car he had demolished, leaving an unconscious girl in the wreck, denotes a heart devoid of feeling of that human kindness, sympathy, and sorrow that must at some time penetrate the hearts of the most cruel savages.

Plaintiff has proved without contradiction the essential allegations of his petition. The young lady driving his car did all that any one could do to prevent being run into, and was in no way negligent. The damage to the car was proved without contradiction, and the judgment of the lower court is correct.

Defendant cites the case of Maritzky v. Chadick-Hayes Company, 12 La. App. 104, 124 So. 566, which he contends is authority for reversing the lower court in this case. We fully agree with that decision, but it has no application here. In that case plaintiff was clearly negligent under the facts found by the court, and had eight and one-half feet within which to pass defendant; while in this case plaintiff's car was within a few inches of a ditch and could not go any farther to the right. The facts of the two cases are entirely different.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.