## ALLEN v. CAMPBELL et al.*
### No. 4229.

Court of Appeal of Louisiana. Second Circuit.
May 20, 1932.

Wilkinson, Lewis & Wilkinson and Robert Roberts, Jr., all of Shreveport, for appellants.

Julius T. Long, of Shreveport, and H. W. Ayres, of Jonesboro, for appellee.

PALMER, J.

Plaintiff sued to recover damages for alleged personal injuries she received in a collision between the automobile she was driving and a truck owned by the defendant L. T. Campbell, and being driven by defendant Grady Atkins.

Plaintiff alleges that the collision in which she received her injuries occurred about 9:30 o'clock on the night of April 23, 1930, on the paved highway between Hodge and Jonesboro, in Jackson parish, La. She alleges that at the time of the injury she was driving her car at a moderate and safe rate of speed on the extreme right-hand side of the pavement, and that, at the time of the collision, she had practically stopped her car. She further alleges that the truck of the defendant Campbell that struck her car was traveling at a high rate of speed and was encroaching on her side of the highway at the time of the collision; that said truck was about thirty feet long and had a trailer loaded upon it which hung and extended fully eighteen inches too far over to its left side and towards the side of the road on which plaintiff was traveling; that the left front portion of her car was struck by the left front portion of the truck, and that the overhanging portion of the trailer upon the truck also had much to do with causing her injuries. She further alleged that she was rendered unconscious as a result of the collision and remained in that condition for about twelve hours; and that she received the following injuries: A broken nose, broken bones in the upper part of her right hand, a deep gash cut, about four inches long, above her right knee, and that her right knee was crushed, her back, spine, nerves, and brain were all seriously and permanent-

*Rehearing denied June 15, 1932.

ly impaired, and that several of her ribs were broken and dislocated.

Defendants both filed exceptions to the citation on the grounds that plaintiff did not comply with the provisions of Act No. 86, of the Legislature of Louisiana for the year 1928, by sending to them by registered mail, or otherwise delivering to them, as provided by the act, any citation addressed to them.

With full reservation of their rights under the exceptions to the citation, defendants filed exceptions of vagueness; and also, with full reservation of all their rights under said exceptions, defendants filed a plea of prescription of one year.

The exceptions were each overruled by the trial court, whereupon defendants answered, first denying the allegations of plaintiff's petition, and then setting up the charge that plaintiff, at the time of the accident, was driving her car at a careless and reckless rate of speed and on the wrong side of the highway, in utter disregard of automobiles and vehicles on the public highways, which was the sole cause of the collision.

In the alternative, defendants pleaded contributory negligence on the part of plaintiff, barring her rights to recover. In support of that position, they aver that, if they are held to have been in any respect negligent in causing the collision, plaintiff was guilty of negligence contributing to her injuries, because she failed to avoid the collision by pulling her car out onto the shoulders of the highway, which she had an opportunity to do.

On these issues, the case went to trial in the district court, resulting in a judgment for plaintiff against the defendants.in solido, in the sum of $3,000. From that judgment defendants prosecute this appeal.

### Exception to the Citation.

The first question that presents itself for consideration is that raised by the exception to the citation. Defendants are nonresidents of the state of Louisiana. They are sought to be cited under Act No. 86 of the Legislature of Louisiana for the year 1928. Section 1 of that act provides, in effect, that when a nonresident accepts the rights and privileges conferred by existing laws to operate a motor vehicle on the public highways of Louisiana, or the operation by a nonresident, or his authorized chauffeur, of a motor vehicle on the highways of Louisiana, other than under said laws, it shall be deemed equivalent to an appointment by said nonresident of the secretary of state to be his agent or attorney for service of process in any action against him growing out of any accident or collision in which he may be involved while operating his motor vehicle on the highways or while his vehicle is operated by his authorized chauffeur.

Section 2 of the act provides: "The service of such process shall be made by serving a copy of the petition and citation on the Secretary of State, or his successor in office, and such service shall be sufficient service upon said non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the said defendant, and defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said non-resident. The Court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

The facts presented by the exception may be stated substantially as follows:

The suit was filed in the parish of Jackson on April 11, 1931, and citations were issued on the same date addressed.to each of the defendants, followed with this designation, "Miss Alice Lee Grosjean, Secretary of State, Agent for Service, Baton Rouge, Louisiana." On the same date the suit was filed, counsel for plaintiff addressed an envelope to defendant L. T. Campbell, at El Dorado, Ark., and also addressed an envelope to defendant Grady Atkins, in care of L. T. Campbell, El Dorado, Ark. In the Campbell envelope there was contained a copy of the citation addressed to Grady Atkins, together with a certified copy of the petition; also a letter addressed to L. T. Campbell, as follows:

"Dear Sir:
"Miss Martiel Allen v. L. T. Campbell, et al., No. 3398.

"Complying with the provisions of the law, I herewith enclose by registered mail, return receipt requested, a certified copy of the petition in the above styled matter, together with citation."

In the envelope addressed to Grady Atkins, in care of L. T. Campbell, was contained a copy of the citation addressed to L. T. Campbell, and a certified copy of the petition. Both of these registered letters were withdrawn from the post office at El Dorado, Ark., on the 18th day of April by Lucile Campbell, who signed to one return receipt card the name, "Mr. L. T. Campbell, by Lucile Campbell," and, to the other, "Mr. Grady Atkins, by Lucile Campbell." L. T. Campbell opened the envelope addressed to him, but did not open the one addressed to Grady Atkins in his care.

These citations were served on each of the defendants, through the secretary of state, Miss Alice Lee Grosjean, on April 14, 1931. The copies thus served were in due course forwarded by mail to the defendants at El Dorado, Ark.

After opening the envelope addressed to

him, Campbell forwarded all the papers contained therein, together with the envelope addressed to Grady Atkins and sent in his care, to E. M. Stephens, at Longview, Tex. Stephens was at the time the agent of the Ætna Casualty & Surety Company, who carried insurance for L. T. Campbell on this truck. The envelope addressed to Grady Atkins had not been opened, and neither was it opened by the said insurance agent, but he forwarded all of the papers to the attorney of the insurance company at Little Rock, Ark., who in turn, without opening the Atkins envelope, forwarded all papers, just as he received them, to the local agent of the insurance company at Shreveport, who in turn carried the papers to the attorney of the insurance company at Shreveport, and then and there the envelope addressed to Grady Atkins was opened. This took place on April 24th.

On April 30th, plaintiff again addressed to L. T. Campbell, at El Dorado, Ark., and to Grady Atkins, at the same address, two other envelopes, and this time inclosed in each envelope a correct copy of the citation and a certified copy of the petition. That is to say, there was inclosed in the envelope addressed to Campbell a copy of the citation addressed to him, together with a certified copy of the petition, and there was inclosed in the envelope addressed to Grady Atkins a copy of the citation addressed to him, with a certified copy of the petition. These envelopes were received on May 4, 1931, by Mrs. L. T. Campbell, signing therefor on behalf of the addressees.

The exceptions to the citation were filed April 27, 1931, and overruled by the court on May 12, 1931. At that time, counsel for defendants gave notice that they would apply to the Supreme Court of Louisiana for writs of certiorari, mandamus, and prohibition, and further proceedings were ordered stayed pending the said application, which was limited to fifteen days.

On the 3d day of June, 1931, defendants filed an exception of vagueness and a plea of prescription of one year. On June 8th, these pleas were tried and overruled. The answer was filed on June 12, 1931.

Counsel for exceptors contend that it was necessary, in order for the act supra to be constitutional, that the provisor in section 2 of the act, relative to the notice of service on the defendants, be inserted therein, and that the court could not obtain jurisdiction over the defendants until such provision of the statute was complied with. They further contend, since the proviso was germane to the constitutionality of the act, that, unless the notice required by the statute was served forthwith, the service would be of no effect. They further contend that the later acts of plaintiff in correctly mailing to defendants copies of the citation and petition had no

legal effect, inasmuch as such acts took place at a time too remote from the service made on the secretary of state to meet the statutory requirements; that, in order for the last two notices to have any validity, it was necessary that the plaintiff again make service on the secretary of state prior to mailing them to defendants.

From a careful study of the act, supra, it will be observed that a nonresident, who either personally, or through an authorized chauffeur, operates a motor vehicle on the public highways of Louisiana, thereby performs such acts as are equivalent to an express appointment by him of the secretary of state as his lawful attorney for service of process in matters pertaining to a claim against him growing out of an accident or collision in which he becomes involved while thus operating his motor vehicle on the highways of Louisiana. The mere operation of a motor vehicle by a nonresident, or by his authorized chauffeur, upon the highways of Louisiana, is tantamount to an agreement on his part that, if there arises any action against him growing out of an accident or collision, the process served upon the secretary of state shall have the same legal force and validity as though served on him personally.

There is a distinction between the service of legal process and the mere notice to be given the defendants of such service, as provided for in this statute. In the first instance, the service is clothed with certain formalities which are not required in the second instance. For example, the service on the secretary of state must be made by an officer duly authorized to perform such work, while the notice of such service may be given the nonresident defendant by merely mailing to him copies of the citation and petition, or by handing to him in person such copies. It is clear that the act of service per se in such cases is completed when a proper officer has delivered to the secretary of state copies of the citation and petition. But, as a safeguard to the rights of nonresident defendants, and perhaps to make the act comply with the requirements pertaining to the question of due process of law, the act requires that, before any judgment can be rendered in the case against them, it must be shown that copies of the citation and petition have either been mailed to them or handed them in person. True enough, the statute does provide that notice of such service, accompanied with a copy of the petition and citation, is to be forthwith sent by registered mail by the plaintiff to the defendant, or else must be delivered to the defendant, but, as stated, before any judgment can be rendered, the return receipt of the defendant, or an affidavit of a party showing delivery of the petition and citation, must be filed in the case.

In our opinion, the things done in this case

amounted to a substantial compliance with the law. L. T. Campbell duly received a letter from the attorney of plaintiff telling him the suit had been filed, and that he was inclosing him a copy of the citation and petition. It turned out that the citation inclosed with that letter was the citation addressed to Grady Atkins. However, the copy of the petition Campbell received brought to him every notice he needed. He saw he had been sued, and he knew, or should have known, that his citation was just like the one addressed to Atkins. Likewise, we consider the same to be true as regards Grady Atkins, for indeed Campbell was his employer and took the liberty, when he received the papers addressed to Atkins, of forwarding them to the insurance company's agent at Longview, Tex. He knew full well what to do to protect the interest of both of them in the suit; he was properly looking to the insurance company for protection, and, hence, immediately transferred to them the responsibility of the suit. All of this took place within four days after the service on the secretary of state. Furthermore, the secretary of state, in due course, mailed the copies of the citations and petition served upon her to the defendants at their address in El Dorado, and they also were timely received.

If the principal purpose of the statutory requirement that notice of the service, with copy of citation and petition, shall be mailed to the defendant or handed to them, is to make certain they have timely notice of the pendency of the suit, then it would indeed be strange if promptly receiving from the secretary of state the copies of the citation and petition served upon her did not meet the legal requirements.

While section 2 of the act, literally construed, requires that notice of such service, together with a copy of the petition and citation, shall be forthwith sent by plaintiff to the nonresident defendant, yet it would be too technical to contend that the plaintiff only can give such notice. When the defendants timely received the copies of the citation and petition from the secretary of state, even though they be the identical copies served upon her in the case, the requirements of the law were substantially met. In this case, the letters with the accompanying copies of the citation and petition, mailed to both the defendants on April 11, 1931, even though there was a switch in the citations in the envelopes, were, under the facts in this case, a sufficient compliance with the law. But, if it was not, that condition was remedied, as we have already shown, when the copies of the petition and citation served on the secretary of state were timely placed in their hands through the United States mail. Even if that was not sufficient, some two weeks after suit was filed, new notices were given by registered mail, and which were timely received. In the meantime no orders had been taken in the case. Before any action whatever was taken in the case, plaintiff was able to present to the court, and did present to the court, evidence that all these different notices had been given. Every advantage this law intended for the defendants to enjoy was extended to them in this case, and, even though some irregularities did exist in the handling of the matter, such irregularities do not strike the citation and service with nullity. We think the lower court correctly overruled the exceptions to the citation.

### Plea of Prescription.

■ The injuries in this case were received on April 23, 1930. The citation was served on the secretary of state on April 14, 1931. Having held, in passing on the exceptions to the citation, that such completed the service, it is apparent, therefore, that the plea of prescription is not well founded. The judgment of the lower court in overruling it is correct.

### Plea of Vagueness.

This plea apparently has been abandoned. It was not presented in oral argument, and we find that the defendants do not present it in their brief. In their brief, in assigning reasons for the reversal of the judgment of the lower court, no mention is made of the lower court's ruling on this exception. Notwithstanding this situation, we have read the pleadings and considered the exception, only to conclude that the trial judge correctly overruled it.

### The Merits.

■ This brings us to a consideration of the case upon its merits. The facts regarding the collision involved in this suit have been before this court before. The father of plaintiff previously brought suit against these same defendants for the damages to the car plaintiff in this suit was driving at the time she received her injuries. See Allen v. Campbell et al., 17 La. App. 139, 134 So. 717.

In that case, this court held that the negligence of the defendants caused the accident in which his car was damaged. In that case, the defendant Atkins did not testify. In addition to his testimony in this case, defendants also have produced the testimony of Jim Tisdale, who is alleged to have been in charge of defendant's party at the time of the accident. However, Tisdale did not see the accident and has given no testimony of any particular value in determining the question as to whose fault caused the collision.

As to the defendant Grady Atkins, he denies that the front of his car struck the car driven by plaintiff, but he admits the possibility of the trailer loaded onto his truck swiping plaintiff's car and producing the accident. If the trailer was loaded on the truck so as to extend too far to one side (and

this fact is clearly established by plaintiff and not denied by Atkins), then defendants are just as responsible for the injuries plaintiff received as if Atkins had run into her car with the front of his truck. We are of the opinion, however, that a fair examination of the testimony shows that the left front of the truck driven by Atkins struck the left front of the auto driven by the plaintiff. Nothing Atkins testified to changes the case on the question of liability from that disclosed in the case of Allen v. Campbell et al., supra.

The district judge, in rendering his written opinion in this case, makes the following statement, which the testimony in our opinion fully justifies:

"The record shows that there was a serious collision between plaintiff's car and the truck in question. It occurred on the paved highway between Hodge and Jonesboro, about half way from the foot to the top of a long, moderately steep hill. The highway curves from the top to the foot of the hill. The inside of the curve is to the east and the outside is to the west. Plaintiff lives in Jonesboro and was going from Hodge to her home. She was the sole occupant of her car. At the time of the collision plaintiff was driving south, up the hill, on the outside of the curve, and defendant Atkins was driving the truck north, on the inside of the curve. The section of the highway between Jonesboro and Hodge had just been paved with concrete, the slab being eighteen feet wide.

"The evidence conclusively shows that at the moment of the collision plaintiff had practically stopped her car, had it under complete control, and that it was as close to the right hand edge of the pavement and highway as she could afford, without seriously endangering her life, to drive it; that defendant, Grady Atkins, drove this large truck, weighing some 20,000 pounds, down the hill, at a rapid rate of speed, in the middle of the highway, in reckless disregard of the rights and safety of other occupants of the highway, and ran into plaintiff's car. Therefore, all the damage that was done in this collision was due solely to careless, negligent and reckless manner in which Atkins was driving the truck. I reach this conclusion after hearing all the witnesses in the case and from a careful reading and study of the evidence after it was transcribed by the court stenographer."

In view of the fact that no testimony in this case changes the question of defendants' liability, as adjudged in the case of Allen v. Campbell et al., supra, we can see no useful purpose to subserve in discussing at further length the evidence on the question of liability. It is our opinion that the plaintiff clearly made out a case of liability, and that the defendants are responsible to her for such damages as she has proven that she sustained.

### Quantum of Damages.

The district judge awarded plaintiff damages in the sum of $3,000. It is very difficult for a court to correctly assess the amount of damages in a case of this kind. There is no fixed rule or standard by which physical and mental injuries may be measured in terms of dollars. Every case must stand upon its own footing.

The evidence clearly shows that the plaintiff suffered the following injuries: A broken nose, two broken ribs, and a broken bone in her hand; one of her knees was lacerated and many bruises were left on her body and limbs. As a result of the collision, she was rendered unconscious and remained in that condition for some ten or twelve hours, and she was confined to her bed for a number of weeks. The doctors say that it will be necessary for her to undergo an operation on the nose to correct a trouble caused by the collision. One of the doctors testified that this is a major operation. The expert testimony further showed that about 15 per cent. of those operated on for such troubles as plaintiff now has never recover. Plaintiff says she is still suffering with pain in her back, thighs, and legs. Dr. Boyce expressed the opinion that such sufferings are caused by a displacement of some of her female organs, caused by a blow, a strain, and the shock she received.

We are convinced that plaintiff has suffered much pain and nervousness as an outcome of this accident, and that she still suffers. It was an awful experience she had. With a serious operation on her nose yet facing her, the outcome of which is by no means certain, and with the horrors of the accident standing before her continually, and with further suffering, the period of which cannot be determined, we think the amount of damages awarded by the district court is reasonable.

We conclude, therefore, that the judgment appealed from is correct, and it is accordingly affirmed; defendant, appellant, to pay all costs of the appeal.