## Income Life Insurance Company v. Anderson.

(Decided June 16, 1933.)

L. B. ALEXANDER and HENRY J. TILFORD for appellant.

W. A. BERRY and A. M. NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This was a suit brought by the appellee against the appellant to recover on an insurance policy issued him by appellant and insuring him against injuries through external, violent, and accidental means, independently of all other causes, and totally disabling him from doing work of any nature. The case being submitted to the trial judge on the law and the facts, he entered judgment for the appellee for the full amount of the policy, and the insurance company appeals.

The case involves questions of law and questions of fact. When it was submitted in the trial court for judgment, the appellant requested the trial judge to separate his conclusions of law and his conclusions of fact. Section 332, Civil Code of Practice. This motion being sustained, the trial judge did separate his conclusions of fact and conclusions of law, but the appellant took no exception to such conclusions of law as required by section 332 of the Civil Code of Practice. It did, however, file a motion and grounds for a new trial which the court overruled. In so far as the grounds for reversal urged on this appeal are based on alleged erroneous conclusions of law arrived at by the trial judge, they cannot be considered on this appeal for want of exceptions taken to them in the trial court as required by section 332 of the Civil Code of Practice. That section provides:

"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

The precise question now under discussion was considered and decided in the case of American Mutual

Aid Society v. Bronger, 91 Ky. 406, 15 S. W. 1118, 12 Ky. Law Rep. 971. There, as here, the case involved a question of law and one of fact. It was tried by the trial judge without the intervention of a jury, and he, as here, on motion of the parties, separated his conclusions of law and conclusions of fact. No exceptions were taken to his conclusions of law, but a motion for a new trial was made and overruled. On appeal, this court declined to review the conclusions of law of the trial court, expressly holding, after an elaborate review of the authorities in other states having a Code provision similar to section 332 of our Civil Code of Practice, that, where the questions of law and fact in an ordinary action are submitted to the court for judgment with a request for a separation of conclusions of law and conclusions of fact, there must be an exception taken to the conclusions of law to enable the appellate court to pass upon them on appeal, and that a motion for a new trial, in the absence of such an exception, will not save the question. Neither does an exception to the final judgment save such question. To the same effect is Beeler v. Sandidge, 49 S. W. 533, 20 Ky. Law Rep. 1581. The reason for the rule is apparent. The conclusions of law of the trial judge take the place of the instructions to the jury where that body is employed to decide the disputed questions of fact. Where a jury is employed, exceptions must be taken to the instructions given it on the disputed questions of fact, and, unless such exceptions are taken, the correctness of such instructions cannot be considered on appeal. A motion for a new trial, in the absence of such exceptions, will not save the question, and neither will an exception to the final judgment. And so, when the case is tried without the intervention of a jury, exceptions must under section 332 of the Civil Code of Practice be taken to the conclusions of law of the court to render available the question of their correctness on appeal.

It is true that appellant's complaint of the form or character of the findings of fact and conclusions of law made by the court finds ample support in the case of Gugenheim v. City of Marion, 242 Ky. 350, 46 S. W. (2d) 478, but, as appellant made no complaint of such form or character in his motion for a new trial, and, as stated, took no exception to what conclusions of law the court did state, it cannot now complain of the way in

which the trial court separated its conclusions of law and fact.

Upon the questions of fact as to whether the appellee made false and fraudulent answers to material questions in the application for the policy or not, and whether the policy after its issuance had been canceled by the mutual agreement of the parties, there was evidence pro and con. When the law and facts are submitted to the court, every fact which goes to support the judgment must be assumed to have been found in favor of the party for whom judgment was given, and every fact as to which the evidence is conflicting must be assumed to have been found against the adverse party. Coleman's Ex'r v. Meade, 13 Bush, 358. The submission of the law and facts clothes the court with all the rights and functions of a jury in determining the facts, and the judgment will not be disturbed upon the ground that it is against the evidence for any less reason than would authorize the setting aside of the verdict of a jury. Bell v. Wood, 87 Ky. 56, 7 S. W. 550, 9 Ky. Law Rep. 917; Chesapeake & O. R. Co. v. Williams, 156 Ky. 114, 160 S. W. 769, 49 L. R. A. (N. S.) 347. Measured by these rules, the finding of the trial court in favor of the appellee on these disputed questions of fact cannot be set aside by this court, since there was evidence to sustain such finding, and it was not flagrantly against such evidence.

Such being our views, the judgment of the lower court must be, and it is hereby, affirmed.