## Ardery et al. v. Union Underwear Co., Inc., et al.

Feb. 26, 1943.

440

Polk South, Jr., for appellants.

Samuel M. Rosenstein for appellee Union Underwear Co.

Bruce & Bullitt and Eugene Cochran for appellee Metropolitan Life Ins. Co.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Glenda Lewis was an employee of the Union Underwear Company, and, as such, a beneficiary of a group insurance policy issued to that Company by the Metropolitan Life Insurance Company. Its relevant provisions follow:

"(a) The insurance on any Employee insured hereunder shall cease automatically thirty-one (31) days after the date of the termination of employment of such Employee, except as provided in the second paragraph below.

"Cessation of active work by an Employee shall be deemed to constitute the termination of his employment, except as provided in the next paragraph.

"In the case of the absence of an Employee from active work on account of sickness or injury, or on account of retirement on pension, or not for longer than two months on account of leave of absence or temporary lay-off, the employment of such Employee may, for the purpose of this Policy, be deemed to continue until terminated by the Employer. The insurance hereunder on such Employee shall cease thirty-one (31) days after the date of such termination by the Employer, as evidenced to the Company by the Employer, whether by notification or by cessation of premium payment on account of the insurance hereunder of such Employee.

"(b) The insurance on any Employee insured hereunder, who shall have notified the Employer that his insurance under this policy is to be discon-

tinued, shall cease thirty-one (31) days after the date such notice of discontinuance was received. Failure of any Employee to make contributions when due, as required by the Employer, to the cost of his insurance hereunder shall be deemed notice to the Employer that his insurance hereunder is to be discontinued.''

On March 12, 1940, Glenda Lewis ''quit'' her employment following a reprimand for the unsatisfactory quantity and quality of her work, and on April 18th, committed suicide. This action was instituted by her administrator to recover the $1,000 death benefit provided by the policy. The Circuit Judge tried both the law and the facts, and dismissed the petition. This appeal is from that judgment.

The Court found that Glenda Lewis's employment terminated on March 12, 1940, and the proof amply sustains that finding. In any event, we must accord it the weight to which the verdict of a properly instructed jury is entitled. Coleman's Ex'r v. Meade, 13 Bush 358; Bell v. Wood, 87 Ky. 56, 7 S. W. 550; Kahn v. Rogers & Pottinger, etc., Co., Ky., 44 S. W. 431; Income Life Insurance Co. v. Anderson, 250 Ky. 367, 63 S. W. (2d) 1.

It is argued by appellants, however, that the deduction of 29c from Glenda Lewis's pay check of March 8, 1940, and the deduction of a similar amount from her final pay check delivered to her on March 22nd, paid the premium for her coverage by the policy to March 22nd, ''in fact, it (the last deduction) paid it up to and including the entire month of March, 1940, but in any event the insurance could not lapse for non-payment until 31 days from March 22, 1940.'' Because it was shown that the insurance premiums collected, through deductions from employees' pay checks, were forwarded in one check to the Insurance Company by the Manager of the ''EMBA'' (a mutual benefit association of the employees) regularly before the 18th of each month, it is argued that there was ''undisputed proof that the Metropolitan Life Insurance Company has the premiums for the insurance of Glenda Lewis covering her insurance for a period of thirty-one (31) days after the last day of March, 1940.'' It was not shown that the deduction from either of Glenda Lewis's March pay checks was included in any remittance to the Insurance

Company, and we are unable to find in the record facts sufficient to support appellants' conclusions.

By the terms of the policy, all employees of the Underwear Company, upon the completion of three months of continuous employment, became eligible for the insurance. Glenda Lewis became an employee in October, 1939, and worked continuously to January 26, 1940, the date of her last pay check prior to the one she received on March 8th. She did not work during February. She had signed a "payroll deduction authorization," pursuant to which the Company had deducted from each pay check EMBA dues of 21c, and from the checks of March 8th, and March 22nd, 29c for insurance. No separate certificate was ever issued to her, and so far as the record discloses, no notice of her employment was ever given the Insurance Company. It was stipulated, however, that she "became insured" under the policy; that "sufficient premiums were paid for the insurance of Glenda Lewis to keep her insurance in force so long as she was employed by Union Underwear Company," and "that the issue for trial is whether the insurance of Glenda Lewis terminated prior to her death." The EMBA dues were 42c per month, and the contribution of each employee to the insurance premium, 58c, and it was customary to deduct one-half of them from each semi-monthly pay check. It was also customary for the EMBA to pay the insurance contributions for employees who, because they were laid off temporarily, received no pay checks, and to deduct the amount so advanced from pay checks subsequently issued. If the first payment received by a returning employee was small, only a portion of the amount so advanced was deducted from that check and the balance was deducted from later checks. As before stated, Glenda Lewis did not work during February, and the testimony indicates that the 29c deducted from each of the two pay checks issued to her in March were paid to the EMBA to reimburse it for the 58c which it paid to the Insurance Company during February to carry her insurance until she returned. At least nothing to the contrary is shown; and there is no evidence that any payment was made by or on behalf of Glenda Lewis in satisfaction of any premium which would have extended her coverage by the policy beyond the date on which her employment terminated. As the Circuit Judge expressed it, "in any event the Court cannot say that the deductions that went for this

welfare service that took care of this insurance, among other things, went to pay for an insurance policy beyond the period of her employment."

Judgment affirmed.