## Schaaf v. Brown.

February 7, 1947.

Rehearing denied April 29, 1947.

B. H. Farnsley, Judge.

Louis A. Savage, A. J. Deindoerfer, Davis, Boehl, Viser and Marcus for appellant.

Woodward, Dawson, Hobson & Fulton for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Ella Schaaf was injured in an accident while she was a passenger in an automobile owned and operated by James J. Brown. The accident occurred in Indiana on November 17, 1940. James J. Brown was then, and is now, a resident of Kentucky. In November, 1942, Ella Schaaf brought an action against Brown in the circuit court of Dubois County, Indiana, to recover damages for her injuries, and summons was issued under the Indiana Nonresident Process Act, section 47-1043, Burns' Annotated Statutes, 1933 Revision, which makes the chief administrative officer of the Department of Treasury the agent of a nonresident operator of an automobile upon whom may be served all processes in any action growing out of any accident in which such non-

resident may be involved. The Act provides that service of summons shall be made by leaving a copy thereof with the chief administrative officer of the Department of Treasury, or in his office, and such service shall be sufficient service upon the nonresident defendant provided that notice of such service and a copy of the process are forthwith sent by registered mail to the defendant and the defendant's return receipt is appended to the original process and filed therewith in court. The Act further provides that the defendant's refusal to accept or claim such registered mail shall not defeat the service of process. A copy of the summons directed to the sheriff of Dubois County, Indiana, commanding him to summon James J. Brown, 126 N. Longworth, Louisville, Jefferson County, Kentucky, to appear in the circuit court of Dubois County on January 4, 1942, to answer the complaint of Ella Schaaf was delivered to James M. Givens, Treasurer of State, on November 30, 1942, and on December 1, 1942, he sent notice of service and copy of process by registered mail in an envelop addressed to James L. Brown, 126 N. Longworth, Louisville, Jefferson County, Kentucky. On December 18, 1942, James M. Givens, Treasurer of State, filed in the action a writing in which he acknowledged service of the summons as attorney in fact for James M. Brown. The writing concluded:

"The undersigned further certifies that the undersigned did send notice of such service and a copy of the within summons to the defendant, December 1, 1942 by registered letter and that the registered letter appended hereto and made a part hereof was returned to the undersigned by the United States Post Office, for the reason that the above failed to claim the same."

The defendant failed to appear when the case was called for trial, and on January 30, 1942, the circuit court of Dubois County, Indiana, entered a judgment by default in the sum of $3,000 for the plaintiff, Ella Schaaf, against the defendant, James J. Brown. On May 1, 1945, Ella Schaaf instituted this action in the Jefferson circuit court against James J. Brown to recover on the judgment entered by the circuit court of Dubois County, Indiana. The defendant denied in his answer that the circuit court of Dubois County, Indiana, had jurisdiction of his person, and alleged that the judg-

ment was void because the provisions of the Indiana Statute relating to service upon nonresidents in cases involving the operation of automobiles on the highways of the state were not complied with. Proof was heard, and the case was submitted to the court on the law and the facts without the intervention of a jury. The court adjudged that the Indiana judgment was void, and dismissed the petition. The plaintiff has appealed.

The sole defense made by appellee in the lower court was that notice to James *L.* Brown, even though sent to the address of the appellee at 126 N. Longworth Avenue, Louisville, Kentucky, was not notice to the appellee, James *J.* Brown. Except for a preliminary question of practice raised by the appellee, the question presented to this court for decision is whether under all the facts and circumstances there was proper service of process upon appellee under the Indiana Statute. We shall first dispose of the question of practice.

Pursuant to the provisions of section 332 of the Civil Code of Practice, the appellant requested that the court state in writing the conclusions of fact found, separately from the conclusions of law. This the court did, and found as a fact that appellee had no notice, either actual or constructive, of the institution of any proceeding against him in the Indiana court. The appellant filed exceptions to the court's conclusions of law, but did not except to its conclusions of fact. She filed a motion and grounds for a new trial, which was overruled. Appellee now argues that appellant's failure to except to the court's findings of fact precludes this court from considering the facts, and that the appellant is bound by the circuit court's conclusions. Section 332 of the Civil Code of Practice reads:

"Upon trials of questions of fact by the court, it shall not be necessary for the court to state its finding, except, generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

The sole purpose of the requirement that the court separate its findings of fact and its conclusions of law

is to enable the losing party to except to the decisions of the court upon the questions of law involved in the trial. Appellee cites Patterson v. Miracle, 253 Ky. 347, 69 S. W. 2d 708, and quotes a statement in the opinion to the effect that where the questions of law and facts are submitted and the court states in writing its conclusions of law and facts separately, there must be an exception reserved to its finding of facts to enable this court to pass upon same. It was further said in the opinion that a motion for a new trial, in the absence of an exception to the court's finding of facts, will not save the party's rights in this court. The statement was unnecessary in the decision of the case, was pure dictum, and wholly ignored the plain provisions of the Code. In support of the statement, American Mutual Aid Society v. Bronger, 91 Ky. 406, 15 S. W. 2d 1118, was cited, but that case only held that exceptions must be filed to the conclusions of law and not to findings of fact. In Income Life Insurance Company v. Anderson, 250 Ky. 367, 63 S. W. 2d 1, it was pointed out that the conclusions of law of the trial judge take the place of the instructions to the jury and exceptions to such conclusions must be taken to render available the question of their correctness on appeal just as exceptions to the instructions to the jury must be taken in order that the correctness of such instructions may be considered on appeal. In either case, the question of the correctness of the finding of facts is saved by filing a motion for a new trial.

We pass now to the only question on the merits. Most of the states of the Union have adopted nonresident process acts applicable to nonresident motorists who become involved in accidents while using the highways of the state, and the Supreme Court of the United States has had occasion to pass on the validity of many of these statutes under the Due Process Clause of the Federal Constitution. Such statutes are constitutional provided they contain provisions which make it reasonably probable that notice will be communicated to the person to be served, as by requiring the mailing of a copy of the summons and complaint to his last known address. Mann v. Humphrey's Adm'x, 257 Ky. 647, 79 S. W. 2d 17, 96 A. L. R. 584; Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230; Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed.

1091; Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222. In Wuchter v. Pizzutti, supra, the Supreme Court had before it a statute of New Jersey which did not contain a provision requiring that notice of the service of process on the state official designated as the process agent of the nonresident motorist be communicated to the nonresident defendant. The court said (276 U. S. 13, 48 S. Ct. 260):

"We think that a law with the effect of this one should make a reasonable provision for such probable communication. We quite agree, and, indeed, have so held in the Pawloski case, that the act of a nonresident in using the highways of another state may be properly declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice."

We think the rule applicable to the statute should also apply to the acts of compliance under the statute; that is, they should be of such a character as to make it reasonably probable that the defendant will receive actual notice. He should not be permitted to evade the statute on highly technical grounds by acts of his own where the acts of compliance are such as to make it reasonably probable that he will receive actual notice. What are the reasonable probabilities in the present case? The appellee testified that the registered letter addressed to James L. Brown was delivered at his home, 126 N. Longworth Avenue, Louisville, Kentucky, during his absence, and upon his return to his home later in the day was handed to him by his wife. In the upper right-hand corner of the envelop was the return address of James M. Givens, Treasurer of Indiana. Appellee and his wife had lived at 126 N. Longworth Avenue for more than twenty years. No other person named Brown lived in the same house, and there was no proof that anyone named Brown lived in that vicinity although there were many James Browns in the City of Louisville. Appellee knew that he had had an accident while driving his auto-

mobile in Indiana in which appellant was injured; he was charged with notice that the State Treasurer was made his process agent to notify him in the event a suit was instituted against him, and he knew that he had notified his insurance carrier of the accident. The proof showed that the insurance carrier had made an investigation of the accident, and had attempted to make a settlement with appellant but without success. If appellee had opened the letter he would have found a notice of the suit addressed to James L. Brown and a copy of a summons directed to the sheriff of Dubois County, Indiana, directing him to summons James J. Brown, 126 N. Longworth, Louisville, Kentucky, to appear in the circuit court on a certain day to answer the complaint of Ella Schaaf. Appellee testified that he did not open the letter, and that he took it to a branch post office in the community in which he lived on the day after it was delivered at his home and delivered it to a post office clerk to return to the sender. The postal clerk denied that the letter was delivered to him, and he testified that he told appellee to do as he pleased with the letter. It is unbelievable that under the circumstances appellee did not know the letter was intended for him and that he failed to apprehend the nature of its contents. Actual receipt of notice by the defendant in a case such as this is not necessary in order to constitute due process. All that is necessary is that the provisions of the Nonresident Process Statute and the acts thereunder be such as to make it reasonably probable that the defendant will receive notice. Where a defendant refuses to accept a registered letter containing copies of summons issued under such a statute and the letter is returned marked "refused," he will not be heard to complain that he has not received actual notice or that all the provisions of the act have not been complied with strictly. State ex rel. Charette v. District Court, 107 Mont. 489, 86 P. 2d 750; Cherry v. Heffernan, 132 Fla. 386, 182 So. 427. Both appellant and appellee cite cases on the effect of the omission of the middle initial or the insertion of an erroneous initial in the place of the correct one of a defendant where substituted service is made. The cases cited by appellee such as D'Autremont v. Anderson Iron Company, 104 Minn. 165, 116 N. W. 357, 17 L. R. A., N. S., 236, 124 Am. St. Rep.

615, 15 Ann. Cas. 114, dealt with statutes providing for notice to a nonresident defendant by publication, and held that the mode prescribed by such statutes must be strictly pursued. We see a distinction between a notice by publication and a notice sent by registered letter to the defendant's correct address. In the former case there is a probability that the defendant may neither see the notice nor have his attention directed to it, particularly where there is an error in his published name. According to respectable authority, however, it seems that even in such a case the insertion of an erroneous initial in place of a correct one or a slight error in the spelling of a surname will not invalidate the service by publication if there are other circumstances which render it reasonably probable that the defendant will not be misled by the error. Grannis v. Ordean, 234 U. S. 385, 34 S. Ct. 779, 58 L. Ed. 1363; Howard v. Brown, 197 Mo. 36, 95 S. W. 191; White v. Himmelberger-Harrison Lumber Company, 240 Mo. 13, 139 S. W. 553, 42 L. R. A., N. S., 151. As said in Grannis v. Ordean, supra (234 U. S. 385, 34 S. Ct. 783): "The general rule, in cases of constructive service of process by publication, tends to strictness. (Citations). But, even in names, 'due process of law' does not require ideal accuracy." Ordinarily, the middle initial is not essential to the identification of the person. Riley v. Litchfield, 168 Iowa 187, 150 N. W. 81, Ann. Cas. 1917B, 172. Each case is governed by its own particular facts. Here, the method employed under the Indiana Statute was such as to make it reasonably probable under the circumstances that appellee would receive the notice. It follows that the circuit court erred in holding that the Indiana judgment is void.

The judgment is reversed for proceedings consistent herewith.