CLAUDE A. RANSOM, Appellant, v. SIPPLE TRUCK LINES, Inc., et al., Appellees.

No. 47224.

(Reported in 34 N. W. 2d 590)

NOVEMBER 16, 1948.

REHEARING DENIED MARCH 11, 1949.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellant.

John D. Randall, of Cedar Rapids, for appellees.

OLIVER, J.—Two cases were consolidated for the purpose of appeal. The defendants and the procedure are the same in each case. The question is whether the service on defendant Sipple Truck Lines, Inc. complied with the provisions of section 5038.01 et seq., Code of Iowa, 1939 (section 321.498 et seq., Code of 1946) relative to actions against nonresidents for damages from the use of motor vehicles on Iowa highways. In one case plaintiff seeks damages for personal injuries to himself resulting from a collision of an automobile driven by him with a Sipple Truck Lines trailer. In the other he brings suit as administrator of the estate of Gladys M. Ransom for damages on account of her death. Sipple Truck Lines, Inc. was incorporated under the laws of Illinois and was authorized by the Interstate Commerce Commission to operate its trucks in interstate commerce. However, it was never licensed by Iowa State Commerce Commission to operate into or through Iowa.

The accident occurred in Benton County, Iowa, June 25, 1941. July 31, 1941, Sipple Truck Lines, Inc. filed a voluntary petition in bankruptcy in Illinois. September 3, 1942, it was adjudged bankrupt. May 15, 1942, the transfer of its operating rights to others was approved by the Interstate Commerce Commission. September 20, 1942, its books and records were destroyed by order of the bankruptcy court. It failed to file a report or pay a franchise tax to Illinois for 1942 and November 15, 1942, was certified to the attorney general of that state for dissolution.

The annual report of the company filed with the secretary of state of Illinois for 1941 showed Russell R. Sipple, of Maple and Lee Avenues, Downers Grove, Illinois, was the registered

agent and the officers were R. R. Sipple, President, and M. A. Sipple, Secretary, both of Maple and Lee Avenues, Downers Grove, Illinois. Its home office is shown by the records of the secretary of state of Illinois to have been at Downers Grove. The record shows the officers above named were its last known president and secretary. Investigation at Downers Grove, Illinois, by attorneys for plaintiff disclosed Sipple Truck Lines, Inc. had no office in Downers Grove and was no longer engaged in business, the officers no longer resided in that city and their whereabouts were unknown.

Code sections 321.501 and 321.502 provide (for convenience we refer to the 1946 Code):

"321.501 Plaintiff * * * shall cause the original notice of suit to be served as follows:

"1. By filing a copy * * * with said commissioner * * *.

"2. By mailing to the defendant * * * by restricted registered mail addressed to the defendant at his last known residence or place of abode, a notification of the said filing with the commissioner.

"321.502. Notification to nonresident—form. The notification, provided for in section 321.501, shall be in substantially the following form, to wit:

" 'To......(Here insert the name of each defendant and his residence or last known place of abode as definitely as known.)

" 'You will take notice that an original notice of suit against you, a copy of which is hereto attached, was duly served upon you at Des Moines, Iowa, by filing a copy of said notice on the .... day of .........., 19..., with the commissioner of the public safety department of the state of Iowa.

" 'Dated at .............., Iowa, this ... day of ......, 19....

" ' ........................
Plaintiff.

" 'By ......................
Attorney for plaintiff.' "

June 21, 1943, original notices were filed with the commissioner. The following day envelopes containing notifications

in each case were sent by restricted registered mail, addressed to Mr. R. R. Sipple and/or Mr. Russell R. Sipple, President of Sipple Truck Lines, Inc., Maple and Lee Avenues, Downers Grove, Illinois. In each case envelopes containing notifications were addressed also to M. A. Sipple and/or Marguerite A. Sipple, Secretary Sipple Truck Lines, Inc., Maple and Lee Avenues, Downers Grove, Illinois. The record indicates they were shortly thereafter delivered to the addressees at Grosse Point Park, Michigan. The notifications in the envelopes were directed respectively to M. A. Sipple and/or Marguerite A. Sipple, Secretary Sipple Truck Lines, Inc., and to Mr. R. R. Sipple and/or Russell R. Sipple, President of Sipple Truck Lines, Inc. These notifications, dated June 22 and properly signed, recited the service of the original notices by filing copies with the commissioner on June 21. The copy of the original notice attached to the notification in each envelope set out the correct title of the case, was addressed (directed) to Sipple Truck Lines, Inc. and the other defendant and was strictly correct in form. The special appearances of Sipple Truck Lines, Inc. were in response to these notices and claimed notifications.

Although the validity of the statute is not here assailed it may be said that, generally speaking, the test of the constitutionality of this type of statutory provisions for service of Original Notice or Summons is whether they make it reasonably probable that notice will be communicated to the defendant. Bennett v. Chicago Lumber & Coal Co., 201 Iowa 770, 779, 780, 208 N. W. 519; Wuchter v. Pizzutti, 276 U. S. 13, 48 S. Ct. 259, 72 L. Ed. 446, 57 A. L. R. 1230; Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; Henry L. Doherty & Co. v. Goodman, 294 U. S. 623, 628, 55 S. Ct. 553, 554, 79 L. Ed. 1097.

It may be noted also that the cases at bar do not turn upon whether defendant was within the terms of the statute, as did Jermaine v. Graf, 225 Iowa 1063, 283 N. W. 428; Welsh v. Ruopp, 228 Iowa 70, 289 N. W. 760; Skutt v. Dillavou, 234 Iowa 610, 13 N. W. 2d 322, 155 A. L. R. 327; and Mayer v. Wright, 234 Iowa 1158, 15 N. W. 2d 268. Nor are the forms or service of the original notices themselves questioned. The only complaint is that the notifications by registered mail were

addressed and directed to Mr. and Mrs. Sipple in their respective official capacities as president and secretary of Sipple Truck Lines, Inc., instead of to Sipple Truck Lines, Inc. See Allen v. Campbell, La. App., 141 So. 827, 829.

The corporation was practically defunct and these were the proper persons to receive such notifications for it. See Muscatine Turn Verein v. Funck, 18 Iowa 469; Wisconsin & Arkansas Lumber Co. v. Cable, 159 Iowa 81, 140 N. W. 211; Bennett v. Chicago Lumber & Coal Co., 201 Iowa 770, 208 N. W. 519. It is fair to infer their residence was the place where the inactive corporation received its mail, if it received any mail, and that they were the only persons who would give these matters attention for it. Although the direction and addressing of the notifications to the last known officers of the corporation, as such, instead of to the inactive corporation itself, did not literally comply with the statute, the method adopted made it reasonably probable the notifications would be communicated to the corporation. This has a substantial bearing upon the sufficiency of the compliance with the statute. Schaaf v. Brown, 304 Ky. 466, 200 S. W. 2d 909, 911, 912; Powell v. Knight, D. C. Va., 74 F. Supp. 191, 196. Schaaf v. Brown, supra, refers also to the strict construction of statutes prescribing the mode for notice by publication and points to the difference between such a notice and one sent by registered letter to the defendant's correct address, based upon the probability that defendant may neither see nor have his attention directed to a published notice where there is an error in his name.

Here the deviation from the prescribed statutory procedure was not great. Its likely effect was to increase rather than decrease the probability of notification of the proper representatives of the inactive corporation. Sipple Truck Lines, Inc. should not be permitted to evade the statute on the highly technical grounds advanced by it. We conclude the trial court should have held sufficient the compliance with the statute and should have overruled the Special Appearances of Sipple Truck Lines, Inc.—Reversed.

All JUSTICES concur.