813 So.2d 989 (2002)
DEPARTMENT OF REVENUE, o/b/o Vicki L. WILLIAMS, Appellant,
v.
David M. WRIGHT, Appellee.
No. 2D01-1815.
District Court of Appeal of Florida, Second District.
March 15, 2002.
Rehearing Denied April 26, 2002.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, and William H. Branch, Assistant Attorney General, Tampa *990 (substituted as counsel of record), for Appellant.
Mark A. Neumaier, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
The Department of Revenue (DOR) appeals from two orders that together vacate a final order of support entered on January 28, 1987. We reverse the trial court's original order of December 11, 2000 (the original order), and the order on motion to clarify and remand for the reinstatement of the January 28, 1987, final order of support.
In August 1986, the Department of Health and Rehabilitative Services (HRS), as predecessor to the DOR, filed a petition for support against David E. Wright on behalf of Vicki Williams for child support of a minor in Williams' care and custody. Wright was served by substitute service on his mother at her residence at 1211 Scott Street in Tampa. Wright was noticed for final hearing at the same address, and a clerk's default was entered based upon Wright's failure to file a response to the petition. The trial court entered a final order of support in January 1987. In January 1988, HRS filed a motion to modify final order of support. After notice was sent to all parties, the court granted the motion, correcting Wright's name in the style of the case from David E. Wright to David M. Wright.
The DOR filed a motion for contempt in July 1994 for Wright's failure to pay support. David M. Wright was served with this motion and noticed for hearing. Wright appeared at the hearing on December 16, 1994, and was found to be in willful contempt of court and was ordered to pay a purge of $500. Wright sought and received an extension of the time to pay the purge amount, and he began paying child support.
In October 1999, the DOR filed a second motion for contempt. In response, Wright filed, in a separate case which was later consolidated with the DOR's action, a "Petition to Vacate and Set Aside Final Order of Support and Related Orders." Wright argued that the court did not have personal jurisdiction over the cause due to improper service of the original support petition. He contended that he did not live with his mother when substitute service was made upon her. He further alleged that his mother never provided him with a copy of the petition.
At the hearing on Wright's motion, Vicki Williams, the child's mother, testified that Wright lived with his mother on Scott Street in 1986. Wright and his mother testified and denied that he lived on Scott Street in 1986. Wright testified that he had lived with his mother on Scott Street before he graduated from high school. His mother testified, however, that Wright never lived with her on Scott Street. In addition, Wright's answers were evasive, and he was unable to give an address of exactly where he lived at the time of substitute service.
Wright also argued at the hearing that service was ineffective because the original summons listed Wright's incorrect middle initial. The DOR argued that Wright waived his challenge by seeking affirmative relief in requesting an extension of time to pay the purge amount. The trial court pointed out that proper service on Wright occurred on July 22, 1994, and that Wright made his request for affirmative relief after the proper service.
In its original order, the trial court found that substitute service was ineffective because the original summons contained the incorrect middle initial. In its order on motion to clarify, the trial court *991 stated that its original order effectively vacated the 1987 final order of support and found that service was not effected on Wright until he was served with the motion for contempt on July 22, 1994. The trial court abolished any support ordered before July 22, 1994. The DOR appealed both orders.[1]
The DOR first challenges the trial court's determination that substitute service of the summons was ineffective because it reflected an incorrect middle initial for Wright. Section 48.031(1), Florida Statutes (1985), provides:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
The parties agreed at the hearing on Wright's motion that Wright's mother was served at 1211 Scott Street.
"Statutes which govern substituted service of process are to be strictly construed and also, they must be strictly complied with." Aero Costa Rica, Inc., v. Dispatch Servs., Inc., 710 So.2d 218, 219 (Fla. 3d DCA 1998). In Aero Costa Rica, substitute service of a witness subpoena on another employee of the witness's corporation did not meet the requirements of section 48.031. Here, section 48.031(1) was followed in that Wright's mother, who lived at 1211 Scott Street, was served.
At the hearing, the trial court asked whether the DOR had an affirmative obligation to re-serve the petition on the correctly named party in a case such as this where there was substitute service and a default was entered. The DOR contended that it did not have such an affirmative duty by virtue of an incorrect middle initial, but neither party had any case law to cite on the point. Rather than finding that a statutory requirement had not been met, the trial court held that because Wright's middle initial was incorrect on the summons, substitute service of this summons on Wright's mother was ineffective. The trial court cited no authority for this proposition in its order.
In its brief, the DOR states that it could find only one case that spoke to this issue, Burroughs v. State, 17 Fla. 643 (1880). There, the defendant challenged the addition of an incorrect middle initial in an indictment. The Florida Supreme Court stated that the indictment, which stated Robert H. Burroughs rather than Robert Burroughs, was not impaired and that the insertion of a middle initial may be disregarded. The DOR argues that if a middle initial has no significance in a criminal indictment, then it should not nullify otherwise proper substitute service in a civil case. We note that we have found no Florida cases involving an incorrect middle initial and service of process.
However, in Schaaf v. Brown, 304 Ky. 466, 200 S.W.2d 909 (1947), Brown was served pursuant to statutory provisions to serve nonresidents and a default judgment was entered against him. He sought to have the default judgment declared void because the registered letter containing the summons incorrectly identified James L. Brown rather than James J. Brown. The court recognized that due process of law does not require "ideal accuracy," even in names, and that "[o]rdinarily the middle initial is not essential to the identification of the person. Each case is governed by its own particular facts." Id. at 912 (citation omitted). The court held that the *992 notice was sufficient under the circumstances.
Here, the circumstances indicate that although a default was entered, substitute service was made on David M. Wright's mother, not the mother of a David E. Wright. The petition served with the summons even states that support was being sought for the minor child, David Monroe Wright, born on March 2, 1983, and that the defendant had signed the birth certificate for the child. Under these circumstances, there is no confusion as to who the defendant is, and the wrong middle initial should not invalidate the service. Thus, we reverse the trial court's original order and the order on motion to clarify on this point.
As to the second point on appeal, Wright contended in the trial court that substitute service upon his mother in 1986 was ineffective because he did not live with his mother at 1211 Scott Street at the time of service. The trial court ruled that the issue of the incorrect name on the summons used for substitute service was dispositive. The court noted, however, that there was conflicting evidence with regard to whether Wright lived with his mother on Scott Street at the time of substitute service.
A sheriffs return is presumptively valid, and clear and convincing evidence is required to impeach a sheriffs service of process. Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983); see also Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985). Here, Wright is claiming that the Scott Street address was not his usual place of abode in 1986. Our review of all of the testimony reflects that Wright did not meet the burden of proving by clear and convincing evidence that the place of substitute service was not his usual place of abode at that time. The trial court was presented with conflicting evidence, and even the testimony of Wright and his mother conflicted on whether he had ever lived on Scott Street. Furthermore, Wright's answers were evasive, and he could not state the exact address of where he did live at the time of substitute service. Therefore, Wright did not prove by clear and convincing evidence that the Scott Street address was not his usual place of abode when substitute service occurred in 1986. Accordingly, the substitute service was not invalid on this basis.
We reverse the trial court's original order and the order on motion to clarify and remand for reinstatement of the January 28, 1987, final order of support.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.
NOTES
[1] In this appeal, Wright did not file an answer brief.