HARRIS, J.
After a default judgment was entered against Russell L. Huston, Veigle (appellant/plaintiff below) determined that the correct spelling of defendant’s name was “Houston” and brought action to correct the spelling. The trial court refused stating that “Russell L. Houston” was never served and he cannot now be added as a defendant. In actuality, the original service was made on the individual named Houston who was also the named employee and agent of defendant company, both of whom were alleged to be responsible for faulty repairs. Houston’s contention that when he received the summons he believed it had to be meant for his father or grandfather, whose names he said were spelled “Huston,” is unconvincing. Both had died before the events alleged in the complaint. He simply ignored the process.
In State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1986), the supreme court made the following distinction:
A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.
Here, Houston was personally handed the summons and knew that no other Houston or Huston connected to the business could possibly have been intended. He willfully ignored the summons at his peril. The court should correct the misspelling of his name so that the judgment will properly reflect who the defendant is.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.