PER CURIAM.
Appellant challenges the trial court’s order denying her motion to dismiss for insufficiency of service of process. We affirm the trial court’s ruling. Not only does insufficiency of process not compel dismissal of the complaint, the defect in appellant’s proper legal name was not sufficient to vitiate process served, where appellant admitted that personal service was made on her and that she was the mortgagor on the mortgage sought to be foreclosed in this action. See Dep’t of Revenue ex rel. Williams v. Wright, 813 So.2d 989, 992 (Fla. 2d DCA 2002) (where there was no confusion as to who the defendant was, a defect in the name on the summons should not invalidate service); see also Veigle v. St. Cloud Marine, Inc., 818 So.2d 695, 696 (Fla. 5th DCA 2002) (finding trial court should have corrected spelling of defendant’s last name in default judgment, rejecting defendant’s argument that this would improperly add him to the case without service of process, and noting defendant “was personally handed the summons and knew that no other ... could possibly have been intended”).
We dismiss the appeal from the-order granting substitution of parties, which we treat as a motion to amend to correct the defendant’s name, as the order is a non-final, non-appealable order. See Fla.R.App. P. 9.130.

Affirmed in part; dismissed in part.

WARNER, GROSS and CONNER, JJ., concur.