## PHINNEY v. DONAHUE.

1. **Statute of Limitations**: WHAT IS BEGINNING OF SUIT: ORIGINAL NOTICE WITH APPEARANCE DAY LEFT BLANK. A notice of an action, with the appearance day left blank, is not an "original notice" within the meaning of § 2532 of the Code; and the delivery of such a notice by a justice of the peace to a constable for service, with the understanding that the latter should insert the appearance day at or before the time of service, *held* not to be the beginning of an action within the meaning of said section; and where action was not otherwise begun on the promissory note in question until more than ten years after the note was due, action thereon was barred by the statute of limitations. Compare *Jones & Magee Lumber Co. v. Boggs*, 63 Iowa, 589.

*Appeal from Webster Circuit Court.*

WEDNESDAY, OCTOBER 21.

ACTION upon a promissory note. There was trial by the court and a judgment for the plaintiff. Defendant appeals.

*Wright & Farrell*, for appellant.

*A. N. Botsford*, for appellee.

ROTHROCK, J.—The amount in controversy is less than $100, and this court acquires jurisdiction of the appeal by the following certificate of the trial judge:

" The amount in controversy in this case is less than one hundred dollars, and it is desirable that the opinion of the supreme court should be had on the following points of law: Where the plaintiff's note on which suit was brought was executed by three persons, only one of whom was served with notice of suit, and fell due October 1, 1874, and was in terms made payable at a particular place, and suit was brought on said note before a justice of the peace in the place where the note was made payable, none of the defendants residing in the county where suit was brought, and two of them being non-residents of the state at the time suit was brought, and plaintiff, knowing that two of the defendants were non-residents of the county, but not knowing where the defendant afterwards served with notice resided, the orignal notice being signed by the justice, by him dated September 30, 1884, but the appearance day being by him left blank and remaining blank till after the notice came into the hands of the constable who served it, and there being no evidence that said blank was filled till more than ten years after the note became due, and said notice being handed to such constable, who was the constable of the township where suit was brought, by plaintiff on the thirthieth day of September, 1884, with the intention that it should be served at once; the appearance day named in said notice, the same having been filled in after it came into the hands of the said constable, being October 21, 1884, and the said notice being served by said.

constable on October 14, 1884, on the defendant in a county
other than that where suit was brought; and in the same case
the same constable, previous to October 21, 1884, having
returned another original notice of said suit dated October 14,
1884, with an acceptance of service written thereon signed by
defendant, and dated October 15, 1884, the appearance day
being the same in both notices, and the defendant appearing
in court on October 21, 1884, in obedience to the notice
dated October 14, and in obedience to none other, although
the notice dated September 30, 1884, was then on file with
said justice,—in such case can the following be held to be
the law:

"(1) Can it be held that suit was commenced on September
30, 1884, and hence that the statute of limitations had not
run against the note sued on when suit was brought? (2)
Can it be held that the notice dated September 30, 1884, was,
when the same was handed by the plaintiff to the officer, an
original notice at all? (3) Can it be held that the notice
dated September 30, 1884, was handed for service to the
officer of the proper county? In other words, what is desired
is a construction of section 3521 of the Code in reference to
the voidness of a notice where no time of suit is named
therein when the same leaves the hands of the justice, and
where the time of suit afterwards inserted therein is more
than fifteen days from the date of the notice, and where the
defendant does not appear in court in obedience to such
notice.

" In addition, what is also desired is a construction of sec-
tion 2532 of the Code in reference to whether a constable of
the township where suit is brought is the officer of the pro-
per county in cases where none of the defendants are residents
of the county of which the constable is an officer, and where
none of them is served with notice in the county of which
the constable is an officer."

Section 2532 of the Code provides that " the delivery of
the original notice to the sheriff of the proper county, with

intent that it may be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of the notice by another person, is a commencement of the action." This provision of the law is part of the statute of limitations, and fixes the time within which an action must be brought in order to avoid the statute, by defining what is the commencement of the action as applicable to the limitation fixed by law. It does not appear from the record before us why there was no return-day inserted in the original notice when it was delivered to the constable, nor does it affirmatively appear when or by whom the date of the return was inserted. It is shown that it was not done either by the justice of the peace or the plaintiff. It remained in the hands of the constable until after it was returned, and it appears from the abstract that he fixed the appearance day on the twenty-first day of October, and inserted that date in the notice. This was done without the knowledge of the justice of the peace or of the plaintiff. Counsel in argument say that " when notices are to be served in distant parts of the county, instead of binding the constable to serve by certain fixed days, it is left to the constable to fix a day to suit a convenience." In other words, the practice in that county is that blank original notices are delivered to the constables, and they have the authority to fill them up and complete them to suit their convenience. Such a practice may be very convenient for the constables, but it does not meet the requirements of the statute above cited, that an " original notice," and not a blank paper, shall be delivered to the officer. Suppose the officer had served the notice just as it was delivered to him: If the defendant had not appeared, a judgment against him would have been void, because the court would have had no jurisdiction over him. The plaintiff, no doubt, considered the first notice insufficient to confer jurisdiction on the justice of the peace, or he would not have caused the second notice to be issued and served. In our opinion the delivery of the blank paper to the constable was not the commencement of

an action within the meaning of the law, and that no action was commenced until the second notice was delivered to the constable. This notice was dated October 14, and at that time the note in suit was barred by the statute of limitations. The defendant waived no right by appearing to answer the second notice which was served upon him. A judgment by default against him upon that action would have been valid. He could only avail himself of the statute of limitations by making a defense upon the grounds of the statute.

It appears to us that the foregoing propositions have been fully determined in principle, at least, by this court in the case of *Jones & Magee Lumber Co. v. Boggs,* 63 Iowa, 589. We think the certificate of the trial judge shows that no action was commenced upon the note until after the bar of the statute became complete, and that the first and second questions in the certificate should have been answered in the negative. Our answers to these questions are decisive of the case, and we need not determine whether the delivery of an original notice to a constable is a delivery to the "sheriff of the proper county," as required by section 2532 of the Code.

REVERSED.