ANNA KOKENGE et al., appellants, v. BEN C. HOLTHAUS, appellee.

No. 47954.

(Reported in 52 N.W.2d 711)

APRIL 1, 1952.

Harry A. Lanning, of Seneca, Kansas, and Page & Nash, of Denison, for appellants.

L. V. Gilchrist, of Denison, and Steward & Crouch and Herrick & Langdon, all of Des Moines, for appellee.

OLIVER, J.—At all times pertinent hereto defendant has been a resident of Kansas. These four actions were brought in April 1949 in the District Court of Crawford County, Iowa, for damages for personal injuries suffered by the four plaintiffs in November 1944, arising out of the operation by defendant on a

public highway in said county of an automobile in which plaintiffs were riding as his guests. Jurisdiction of defendant was obtained under the act frequently called the Nonresident Motorist Service Act, now sections 321.498 to 321.511, inclusive, Code of Iowa, 1950.

Prior to these actions two of the plaintiffs had brought suits in Kansas which had been dismissed by the Kansas court upon the sustaining of demurrers, based on the mandate in Kokenge v. Holthaus, 165 Kan. 300, 194 P.2d 482. Although it may appear technical and the result of the litigation unusual we assume the cited case may be reconciled with other Kansas decisions. In any event our conclusion, hereinafter set out, makes unnecessary the determination of defendant's contention that the causes of action in two of the Iowa suits were barred by the prior Kansas adjudications.

The general statute of limitations, now section 614.1, Code of Iowa, 1950, provides actions founded on injuries to the person may be brought within two years, "and not afterwards, except when otherwise specially declared."

Code section 614.6 provides: "The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described."

Under Rule 105, Rules of Civil Procedure, the actions at bar were submitted to the trial court for the separate adjudication of points of law raised in the pleadings. The trial court concluded defendant had not been a nonresident of Iowa within the meaning of the tolling statute, Code section 614.6, because at all times since the accident in 1944 he was subject to the jurisdiction of the district court of Iowa under the provisions of the Nonresident Motorist Service Act, Code section 321.498 et seq., and, hence, the statute of limitations was not tolled. We agree with this conclusion.

Although this court has never determined the proposition it has considered principles involved in it. Penley v. Waterhouse, 1 (Clarke) Iowa 498, held the language of a tolling statute should be construed with regard to the context and the object and policy of the law and that "out of the state" and "absence" meant such absence as would suspend the power of a plaintiff to secure such service as would support a personal judgment against defendant.

Wall v. Chicago & N. W. Ry. Co., 69 Iowa 498, 501, 29 N.W. 427, 428, stated the foreign corporation engaged in the operation of a railway in Iowa was at all times subject to suit and service of original notice thereof in the courts of this state, and continued: "The theory of the statute of limitations is that it operates to bar all actions except as against persons and corporations upon whom notice of the action cannot be served because of their non-residence. If such notice can be served, and a personal judgment obtained * * * then such person or corporation is not a non-resident as contemplated by the statute of limitations."

Winney v. Sandwich Mfg. Co., 86 Iowa 608, 53 N.W. 421, 18 L. R. A. 524, involved a foreign manufacturing company, the status of which the court found differed from that of the railway in the Wall case, supra, because the manufacturing company was not then required to put itself in position to be at all times subject to service of process.

Denver-Chicago Trucking Co. v. Lindeman, D. C. Iowa, 73 F. Supp. 925, involved the status of a foreign corporation operating an interstate-motor-truck line through Iowa. The decision by Judge Graven analyzes the Wall and Winney cases, supra, and finds the test there used to determine the status of a defendant as a resident or nonresident under the Iowa tolling statute is inescapability from service of notices of suit. The decision also considers the Iowa Nonresident Motorist Service Act, Code section 321.498 et seq., and concludes its provisions meet the test of inescapability established by such decisions.

Courts of other states are not in agreement as to the effect of Nonresident Motorist Service Acts upon tolling statutes. See 54 C. J. S., Limitations of Actions, section 212c(2), page 237; 34 Am. Jur., Limitation of Actions, section 221, page 178; annotations in 94 A. L. R. 485, 119 A. L. R. 859, and 17 A. L. R.2d 502, 516, where the annotator states: "Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations."

Decisions so holding are: Coombs v. Darling, 116 Conn. 643, 166 A. 70; Tublitz v. Hirschfeld, 2 Cir., N.Y., 118 F.2d 29, under Connecticut statute; Nelson v. Richardson, 295 Ill. App. 504, 15

574

N.E.2d 17; Hale v. Morgan Packing Co., D. C. Ill., 91 F. Supp. 11, 13, under Illinois statute; Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A. L. R. 855; Peters v. Tuell Dairy Co., 250 Ala. 600, 35 So.2d 344; Karagiannis v. Shaffer, D. C. Pa., 96 F. Supp. 211, under Alabama statute; Reed v. Rosenfield, 115 Vt. 76, 51 A.2d 189; Pomeroy v. National City Co., 209 Minn. 155, 296 N.W. 513, 518, 133 A. L. R. 766, applying the rule to a similar issue.

Some decisions are to the contrary: Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A. L. R. 480; Couts v. Rose, 152 Ohio St. 458, 90 N.E.2d 139; Gotheiner v. Lenihan, 20 N. J. Misc. 119, 25 A.2d 430; Maguire v. Yellow Taxi Corp., 253 App. Div. 249, 1 N. Y. S.2d 749, affirmed 278 N. Y. 576, 16 N.E.2d 110.

Some of these decisions reason that had the legislature intended to remove such cases from the operation of the tolling statute it would have done so by appropriate language. However, prior to the enactment of the Nonresident Motorist Service Act by the legislature of Iowa this court had enunciated the doctrine of inescapability from service as the test of the tolling of the statute of limitations and it may be inferred the legislature deemed it unnecessary to place in the Act any direct language to the same effect. We hold the actions were barred by the statute of limitations.—Affirmed.

All JUSTICES concur.