Lucille **BURKHARDT**, Plaintiff,

v.

James **BATES** and Janney Semple Hill & Co., a Minnesota Corporation, Defendants.

Civ. No. 926.

United States District Court
N. D. Iowa, E. D.

Feb. 24, 1961.

150

Fred C. Liffring, Upton B. Kepford (of Kennedy, Kepford, Kelsen & White), Waterloo, Iowa, for plaintiff.

Charles A. Finch (of Swisher, Cohrt, Swisher & Finch), Waterloo, Iowa, for defendants.

GRAVEN, District Judge.

In the present case, the defendants have filed a motion in two Divisions. While the motion is not so specifically designated, it is in reality a motion for summary judgment founded upon the ground that the plaintiff's claim against the defendants is barred by the applicable statute of limitation and it was and is so treated by the Court. Jurisdiction in this case is based on diversity of citizenship.

On November 18, 1960, the plaintiff filed her complaint in this action in this Court. The statements next set forth in this paragraph are those contained in that complaint. The plaintiff is a resident of Black Hawk County, Iowa. The defendant, James Bates, is a resident of the City of Minneapolis, Hennepin County, Minnesota. The defendant, Janney Semple Hill & Co., is a Minnesota corporation with its office and principal place of business in the City of Minneapolis, Hennepin County, Minnesota. On November

26, 1958, the plaintiff was riding as a passenger in an automobile on a highway in Black Hawk County, Iowa. The automobile was owned by the defendant, Janney Semple Hill & Co., and was being driven by the defendant, James Bates. The defendant, James Bates, at the time, was an employee of the defendant, Janney Semple Hill & Co., and operated the automobile in the course of his employment with the knowledge and consent of his employer. The defendant, James Bates, operated the automobile in such a reckless manner as to cause him to lose control of it. Because of such lack of control, the automobile went off the highway and struck a tree. The plaintiff sustained serious personal injuries as a result of the mishap. The plaintiff seeks to recover against both defendants damages for her personal injuries in the amount of $150,000.

The applicable statute of limitation is that of the State of Iowa. Section 614.1, Code of Iowa 1958, I.C.A., contains the applicable statutory provisions. Section 614.1 provides, in part:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards * * *

*   *   *   *   *   *

"3. * * * Those founded on injuries to the person * * * within two years * * *."

Since the injuries were sustained on November 26, 1958, the statute of limitation would have run against the plaintiff's claim on November 26, 1960, unless that statute was tolled.

Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"A civil action is commenced by filing a complaint with the court."

Rule 48 of the Iowa Rules of Civil Procedure, 58 I.C.A., provides:

"A civil action is commenced by serving the defendant with an original notice."

Rule 49 of the Iowa Rules of Civil Procedure provides, in part:

"For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, * * * the delivery of the original notice to the sheriff of the proper county with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action."

Section 614.6, Code of Iowa 1958, I.C.A., provides, in part:

"The time during which a defendant is a nonresident of the state shall not be included in computing any * * * periods of limitation * * *."

Under Rule 4(d) (7) of the Federal Rules of Civil Procedure, the defendants were subject to the service of summons in any manner prescribed by the State of Iowa for the service of summons or other process in an action brought in the courts of general jurisdiction.

■ Rule 3 of the Federal Rules of Civil Procedure (heretofore set out), providing that an action is commenced with the filing of the complaint, differs from Rules 48 and 49 of the Iowa Rules. However, in cases where jurisdiction is based upon diversity of citizenship, the state statutes relating to the matter of the commencement of an action for the purpose of tolling the statute of limitation govern. Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. The Iowa Rules of Civil Procedure have the force and effect of statute. See cases cited in United States v. West View Grain Co., D.C.N.D.Iowa 1960, 189 F.Supp. 482, 491. Thus, in determining when the action was commenced for the purpose of tolling the applicable statute of limitation, resort must be had to Rule 49 of the Iowa Rules of Civil Procedure and the construction of that Rule by the Iowa Supreme Court. The Iowa Rules of Civil Procedure became effective July 4, 1943. The statutory antecedents of Rule 49 go back to 1873. The statutory antecedents of Rule 49 did not differ substantially from it.

Thus, cases decided by the Iowa Supreme Court under those statutory antecedents are pertinent to the construction of Rule 49.

■ It was heretofore noted that Section 614.6, Code of Iowa 1958, I.C.A., provides for the tolling of the statute of limitation in the case of nonresidents. However, it is the holding of the Iowa Supreme Court that where nonresidents are subject to service under the Iowa Nonresident Motorist Service Act the applicable statutes of limitation are not tolled. Kokenge v. Holthaus, 1952, 243 Iowa 571, 52 N.W.2d 711. See also Denver-Chicago Trucking Co. v. Lindeman, D.C.N.D.Iowa 1947, 73 F.Supp. 925. Thus, the fact that the two defendants were nonresidents did not toll the applicable statute of limitation as to the claim of the plaintiff.

■ The controversy renders itself down to the question of whether the applicable statute of limitation as to the claim of the plaintiff was tolled as provided by Rule 49. That Rule provides that an applicable statute of limitation is tolled where an original notice is delivered to the "sheriff of the proper county with the intent that it be served immediately."

In passing upon the questions relating to service raised in this case, the Court will assume, as the parties impliedly have, that the Marshal for the District is the federal counterpart of a county sheriff; that the District is the federal counterpart of a county; and that the summons is the federal counterpart of an original notice.

In the present case, the complaint was mailed to the Clerk's office for filing on November 18, 1960. It was accompanied by a form of summons prepared by the attorneys for the plaintiff. The complaint and summons were accompanied by a letter from the attorneys for the plaintiff in which it was stated that the United States Marshal should be advised that the defendant, Janney Semple Hill & Co., was a Minnesota corporation with its offices in Minneapolis and that James

Bates was a resident of Minneapolis and that his street address was 833 Third Avenue, Minneapolis, Minnesota. The returns of service on the summons were made by the United States Marshal for the District of Minnesota, showing service on Janney Semple Hill & Co. on November 22, 1960, and on James Bates on November 29, 1960, in the State of Minnesota. The summons with returns of service was filed in the Clerk's office on December 1, 1960. On December 3, 1960, both defendants filed a motion to quash those services of summons. By Court order dated December 27, 1960, that motion was set for hearing on January 12, 1961.

On December 23, 1960, the attorneys for the plaintiff mailed a form of summons prepared by them to the Marshal of this District with a request that it be served upon the defendants under the provisions of the Iowa Nonresident Motorist Service Act. The summons was signed by the Clerk on December 27, 1960, and was thereafter served on both defendants by the Marshal under the provisions of the Iowa Nonresident Motorist Service Act. Section 321.498 et seq., Code of Iowa 1958, I.C.A.

The motion of the defendants to quash the services of summons made on them in Minnesota came on for hearing on January 12, 1961. There was no appearance in behalf of the plaintiff. Following the hearing, this Court on January 12, 1961, entered an order quashing those services of summons. On January 16, 1961, the Marshal for this District filed his return of service in connection with the summons served by him under the Iowa Nonresident Motorist Service Act. On January 25, 1961, the defendants filed the motion here under consideration.

Rule 4(f) of the Federal Rules of Civil Procedure provides, in part, as follows:

"Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. * * "

There is no statute of the United States providing for service beyond the territorial limits of the state in which the District Court is held in actions of the kind here involved.

The first summons prepared by the attorneys for the plaintiff and which was served in Minnesota was in the following form:

"To The Above-Named Defendants:

"You are hereby summoned and required to serve upon Fred C. Liffring, Plaintiff's attorney whose address is 610 Waterloo Building, Waterloo, Iowa, an Answer to the Complaint which is herewith served upon you, within twenty (20) days after the service of this Summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint."

The second summons prepared by the attorneys for the plaintiff and which was delivered to the Marshal for service in Iowa under the Iowa Nonresident Motorist Service Act was in the following form:

"To James Bates, Defendant:
Janney Semple Hill & Co.
a Minnesota Corporation
Minneapolis, Minnesota:
Defendant

"You are hereby summoned and required to serve upon Fred C. Liffring, Plaintiff's attorney, whose address is 610 Waterloo Building, Waterloo, Iowa, before noon of the 60th day following the filing of this Summons with the Commissioner of the Public Safety Department of the State of Iowa, an Answer to the Complaint which is herewith served upon you. And unless you appear thereto and defend in the United States District Court for the Northern District of Iowa, Eastern Division, at the Federal Court House in

Dubuque, Iowa, default will be entered and judgment rendered against you by the Court if the Court is then in session in said District, and if the Court is not then in session, said default will be entered and judgment entered by said Court on the first succeeding term, or as soon thereafter as the same may be reached."

The Iowa Nonresident Motorist Service Act makes use of the Commissioner of the Department of Public Safety of Iowa, whose office is at Des Moines, Iowa, in the Southern District of Iowa, for service under the Act. Section 321.500, Code of Iowa 1958, I.C.A., which is a section of that Act, specifies the form of notice of suit to be filed with the Commissioner. That Section provides as follows:

"Original notice—form. The original notice of suit filed with the commissioner shall be in form and substance the same as now provided in suits against residents of this state, except that that part of said notice pertaining to the return day shall be in substantially the following form, to wit:

" 'and unless you appear thereto and defend in the district court of Iowa in and for . . . . . . . . . . . county at the courthouse in . . . . . . . . . . . . Iowa before noon of the sixtieth day following the filing of this notice with the commissioner of the public safety department of this state, default will be entered and judgment rendered against you by the court if then in session in said county, and if the court is not then in session said default will be entered and judgment rendered by the court on the first day of the first succeeding term or as soon thereafter as the same may be reached.' "

Decisions of the Iowa Supreme Court construing the statutory antecedents of Rule 49 will next be considered. In the case of Phinney v. Donahue, 1885, 67 Iowa 192, 25 N.W. 126, the plaintiff brought an action on a promissory note. The applicable statute of limitation would have run on October 1, 1884, unless tolled.

On September 30, 1884, the plaintiff delivered a notice to the serving officer in which the appearance date was left blank. The notice was delivered with the intention that it be served at once. The appearance date in the notice was filled in after October 1, 1884, and then served on the defendant. On October 14, 1884, the plaintiff delivered a second notice for service which was served on the defendant on October 15, 1884. The defendant raised the defense of the statute of limitation. Section 2532, Code of Iowa 1873, provided, as does Rule 49, that the delivery of an original notice, with the intent that it be served immediately, tolled the statutes of limitation. It was the claim of the plaintiff that the delivery of the first notice tolled the statute of limitation under the provisions of Section 2532. The Iowa Supreme Court held that it did not and that action on the note was barred. The Court stated (at page 127 of 25 N.W.) that if the serving officer had served the notice in the form in which it was delivered to him and the defendant had not appeared, a judgment against him by default would have been void because the court would have had no jurisdiction over him. The Court goes on to state (at page 127 of 25 N.W.):

" * * * The plaintiff, no doubt, considered the first notice insufficient to confer jurisdiction * * *, or he would not have caused the second notice to be issued and served. In our opinion * * * no action was commenced until the second notice was delivered * * *. This notice was dated October 14th, and at that time the note in suit was barred by the statute of limitations. * * * "

The decision in that case holds that in order to toll the statutes of limitation under Rule 49 the notice delivered to the officer must be in such form as to confer jurisdiction upon the particular court to enter a valid judgment by default in the event the party served with it does not appear.

In the case of Fernekes v. Case, 1888, 75 Iowa 152, 39 N.W. 238, the plaintiff

brought an action on an account. The applicable statute of limitation would have run on June 24, 1886, unless tolled. Section 2532, Code of Iowa 1873, which was referred to in the case just discussed, was then in effect. On May 1, 1886, the plaintiff delivered an original notice to the sheriff with intent that it be served immediately. The notice incorrectly stated the day as to which the defendant was to appear. Later and after June 24, 1886, the plaintiff delivered another original notice to the sheriff which correctly stated the appearance day. The defendants raised the defense of the statute of limitation. The Court stated (at page 239 of 39 N.W.):

" * * * We think the question must be determined by the proper effect to be given to the first notice, and the true inquiry is, did the first notice give the court jurisdiction of the defendants, so that if, at the August term, the court had rendered a judgment by default against them, the judgment would not have been void for want of jurisdiction? * * "

The Court held that the first notice would not have given the district court jurisdiction to render a default judgment against the defendants and that, therefore, the first notice did not arrest the operation of the statute of limitation. The Court went on to state (at page 239 of 39 N.W.):

"As the second notice was delivered to the sheriff, and served after the account was barred, the action was not commenced until that time * * *."

In the case of Gardner v. Beck, 1922, 195 Iowa 62, 189 N.W. 962, the Iowa Supreme Court stated (at page 966 of 189 N.W.):

" * * * It is well settled that an invalid notice is the equivalent of no notice, and that it cannot be effective either to confer jurisdiction or to toll the statute of limitations. * * "

In the case of Citizens' Bank of Pleasantville v. Taylor, 1926, 201 Iowa 499, 207 N.W. 570, the plaintiff brought an action on a note. The applicable statute of limitation would have run on February 9, 1924, unless tolled. On January 28, 1924, the plaintiff delivered an unsigned original notice to the sheriff for service which was served on the defendant on that date. The defendant promptly challenged the jurisdiction of the court based on that notice. On March 15, 1924, the plaintiff delivered to the sheriff an original notice which was proper in form which was served on March 19, 1924. The defendant raised the defense of the statute of limitation. A statutory antecedent of Rule 49 was then in effect. The Iowa Supreme Court held that the action was barred by the applicable statute of limitation. The Court stated (at page 570 of 207 N.W.):

"Under our statute, Code section 11012, the placing of an original notice in the hands of the sheriff, with the intention that the same shall be served immediately, prevents the running of the statute of limitations, but a paper even designated as an original notice when placed in the hands of the sheriff, which is fatally defective as an original notice, cannot have the effect to toll the statute. * * * "

In that case the Court stated that the plaintiff abandoned the first notice.

In the present case the plaintiff delivered a summons to the Marshal with the intent that it be served immediately in the State of Minnesota and it was so served. However, because the summons was lacking in extraterritoriality, it became a nullity so far as conferring jurisdiction on this Court when it passed into the State of Minnesota. Any default judgment based on that service would not have been permitted to stand. The plaintiff then, in substance, abandoned that notice and caused a new summons to be issued, which summons was properly served on the defendants in the State of Iowa under the Iowa Nonresident Motorist Service Act, but that summons was not delivered to the Marshal until December 27, 1960, which was more than two years after the plaintiff's action accrued.

The plaintiff contends that the delivery of the first summons to the Marshal had the effect of tolling the applicable statute of limitation under Rule 49. The plaintiff advances two theories in support of that contention. One theory is that the Marshal might have promptly and properly served the first summons under the provisions of the Iowa Nonresident Motorist Service Act. However, the first form of summons, if served by the Marshal under the provisions of the Act, would not have met the requirements of notice required under that Act. Under Section 321.500 of that Act (heretofore set forth), the notice to be filed with the Commissioner of the Public Safety Department must notify the defendant to appear before noon of the sixtieth day following the filing of it with the Commissioner. The redrafted form of summons delivered by the plaintiff for use in making service of it under the Nonresident Motorist Service Act clearly contains what was lacking in the first summons for use in making service under the Nonresident Motorist Service Act. If the first summons had been used in making service on the defendants under that Act, it would have been incorrect as to the time for their appearance. Under the rule of Fernekes v. Case, supra, a notice which incorrectly states the time of required appearance is not of avail in tolling the statute of limitation.

The other theory of the plaintiff is that if either the defendant, James Bates, or an agent of the defendant, Janney Semple Hill & Co., could have been found in Iowa after the first summons had been delivered to the Marshal, the service of the first summons on them in Iowa would have conferred jurisdiction on this Court. Section 321.506, Code of Iowa 1958, I.C. A., does provide that where nonresidents are subject to being served under the provisions of the Iowa Nonresident Motorist Service Act, actual personal service on them in Iowa of a notice similar to that provided for use in serving residents of Iowa would be sufficient.

It might have been possible that, by waiting and watching, the Marshal at some indefinite time in the future would have been able to serve one or both of the defendants in this state. However, it is a requirement of Rule 49 that in order for notice to toll the statute of limitation it must have been delivered to him with the intention that it be "served immediately."

Where a nonresident motorist is subject to being served promptly and immediately under the Iowa Nonresident Motorist Service Act, a plaintiff who delivers a notice to a serving officer with the intent that it be served at some indefinite time in the future when the nonresident might be found in the state could hardly be said to have delivered the notice with the intent that it be served immediately.

In the present case it would seem that the plaintiff is seeking to make a summons which was a nullity when served and was later abandoned in favor of a later summons serve to toll the applicable statute of limitation under the provisions of Rule 49.

It is the view of the Court that the delivery of the first summons to the Marshal did not constitute the commencement of the action for the purpose of tolling the applicable statute of limitation within the purview of Rule 49.

It is the holding of the Court that the plaintiff's claim against the defendants is barred by the applicable statute of limitation.

It is hereby ordered that the motion of the defendants for summary judgment be and the same is hereby sustained.