HARRY O. CARPENTER, appellant, v. REUBEN KRAFT, appellee.

No. 50785.

(Reported in 119 N.W.2d 277)

JANUARY 15, 1963.

Garry D. Woodward and R. C. Petersen, both of Muscatine, and Walter A. Newport, Jr., of Davenport, for appellant.

F. J. MacLaughlin, of Davenport, for appellee.

GARFIELD, C. J.—The sole question presented by this appeal is whether under the circumstances here, delivery of the original notice to the sheriff of Scott County, Iowa, is to be deemed, by virtue of rule 49, Rules of Civil Procedure, commencement of plaintiff's action for damages for personal injury against a nonresident of Iowa. In adjudicating law points under rule 105, R. C. P., the trial court held the action was not thus commenced and that plaintiff's claim for personal injury was barred by the two-year statute of limitations, section 614.1, subsection 3, Code, 1958. We granted plaintiff this appeal, under rule 332, from this holding. We affirm the trial court.

The essential facts are not controverted. We set them out. On April 16, 1958, an automobile operated by defendant collided with one operated by plaintiff in Davenport, Scott County, Iowa, causing personal injury to plaintiff and damage to. his automobile. On March 23, 1959, plaintiff filed in the Scott County District Court his petition at law against defendant asking judgment for such injury and damage. On the same day plaintiff delivered to the sheriff of Scott County an original notice of this action, in proper form for service on a defendant found within this state, with instructions to serve it upon defendant forthwith. This notice was never served on defendant who permanently departed from Scott County to live in California in mid-September 1958.

The deputy sheriff of Scott County promptly notified plaintiff's counsel in the action that defendant had moved to California and the original notice could not be served on him personally within Scott County. Defendant's moving to California had no connection with the claim plaintiff asserted against him. Defendant's address was well known to persons residing near his former home in Scott County, to a bank there and the Davenport post office where he filed a change-of-address card.

Apparently nothing further was done to obtain service on defendant until about September 15, 1961, when plaintiff filed a copy of an original notice with the Iowa Commissioner of Public Safety and mailed notification thereof, with copy of the original notice attached, to defendant at his California address. This was pursuant to Code sections 321.498–321.502, providing for notice on a nonresident motorist. This was done three years and five months after plaintiff's cause of action accrued. (Manner of service on a nonresident motorist is explained in Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241.)

It is clear the action was not commenced within the two years allowed by Code section 614.1, subsection 3, unless, as plaintiff contends, delivery of the first notice to the sheriff tolled the statute by virtue of rule 49, R. C. P. This rule provides: "Tolling limitations. For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, * * * the delivery of the original

notice to the sheriff of the proper county with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action."

Before this rule was amended in 1951 it provided for delivery of the notice "to the sheriff of the county in which the action is brought" rather than, as now, "to the sheriff of the proper county."

█ Concededly the notice was delivered to the sheriff of Scott County for service upon defendant within this state. The notice was in proper form for service upon a defendant found here. Evidently no attempt was made to serve defendant in any other manner until September 1961. We think the sheriff of Scott County or any other county in this state was not, under the circumstances here, "the sheriff of the proper county", within the meaning of rule 49, for the purpose of serving in this state a resident of California. Nor was the notice delivered to the sheriff of the proper county to be served upon defendant. Rule 49 does not provide the action shall be deemed commenced upon delivery of the notice to the sheriff of a county *assumed* to be the proper one when defendant is a resident of a distant state, especially where, as here, his address is well known in the Iowa neighborhood where he formerly resided and plaintiff's counsel is promptly advised of the nonresidence.

It is true that if defendant returned to Iowa he could have been properly served here with a valid original notice. However, there is nothing to indicate he had any thought of returning or that plaintiff or his counsel had any reason to believe he would return. If it may be said the notice was delivered to the sheriff with intent that it be served immediately, such intent could not reasonably have existed after advice was received from the sheriff's office that defendant had moved to California and could not be served here.

Burkhardt v. Bates, D. C. Iowa, 191 F. Supp. 149 (Judge Graven), is somewhat in point. It holds the two-year Iowa statute of limitations was not tolled by virtue of our rule 49 by delivery of summons (the counterpart of our original notice) to

a United States marshal in Iowa for service on defendants who resided in Minnesota.

■ 'The effect of plaintiff's position is that the two-year statute of limitations was tolled throughout the period of nearly two and one-half years between delivery of the notice to the sheriff and service of the later notice on defendant as a nonresident motorist. As stated, nothing seems to have been done to serve defendant as such nonresident until the end of this period. It is clear he could have been served in this manner anytime after he moved to California (Code section 321.498, subsection 4). See Davis v. Jones, 247 Iowa 1031, 78 N.W.2d 6. No explanation is offered for the delay of nearly two and one-half years after the sheriff's office advised plaintiff's counsel of defendant's residence in California before service was obtained. We are unwilling to approve plaintiff's position.

■ Rule 49 has the force and effect of a tolling statute. "We have so often held our rules have the force and effect of statute that precedents therefor need not be cited." Wright v. Thompson, 254 Iowa 342, 348, 117 N.W.2d 520, 524. Rule 49 is designated "Tolling limitations." What is said in Kokenge v. Holthaus, 243 Iowa 571, 572–574, 52 N.W.2d 711, 712, is applicable here although plaintiff there relied upon Code section 614.6 rather than rule 49, as tolling the two-year statute. It provides "The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described." We held this statute was not applicable because defendant could have been served under the Nonresident Motorist Service Act, Code sections 321.498–321.511.

Kokenge v. Holthaus, supra, refers with approval to an early Iowa case which "held the language of a tolling statute should be construed with regard to the context and the object and policy of the law and that 'out of the state' and 'absence' meant such absence as would suspend the power of a plaintiff to secure such service as would support a personal judgment against defendant." (Page 572 of 243 Iowa)

The Kokenge opinion also approves other Iowa decisions to like effect and refers to: "annotations in 94 A. L. R. 485, 119 A. L. R. 859, and 17 A. L. R.2d 502, 516, where the annotator

states: 'Where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the majority of the courts have held that such a provision has the effect of nullifying any statute suspending the period of limitations.'" (Page 573 of 243 Iowa)

This is from the concluding paragraph of Kokenge v. Holthaus: "* * * prior to the enactment of the Nonresident Motorist Service Act * * * this court had enunciated the doctrine of inescapability from service as the test of the tolling of the statute of limitations * * *". (Page 574 of 243 Iowa)

So here, if we assume plaintiff complied with rule 49, we see no reason why the statutes authorizing service on a nonresident motorist in the manner therein stated did not, under the circumstances here, have the effect of nullifying the provisions of the rule suspending the two-year period of limitations fixed by section 614.1, subsection 3. The trial court's ruling is correct and is—Affirmed.

All JUSTICES concur.