Jeffery FULMER, a minor, by his father and next of friend, Everett Fulmer, Individually, and Tammy Koehler, Appellants,

v.

Mary DEBEL and Donald Debel, Appellees.

No. 56222.

Supreme Court of Iowa.

March 27, 1974.

Rehearing Denied May 16, 1974.

Lloyd E. Humphreys of Nazette, Hendrickson, Marner & Humphreys, Cedar Rapids, for appellants.

Terry Abernathy of Fisher, Pickens & Barnes, Cedar Rapids, for appellees.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This suit involves claims for personal injuries resulting from an automobile accident. The statute of limitations ran while plaintiffs repeatedly failed to perfect service of original notice. Thereafter defendants entered a general appearance and moved to dismiss. The trial court sustained the motion and we must affirm.

An accident occurred December 29, 1969 in Cedar Rapids involving two automobiles. One was owned by Everett Fulmer and was driven by Tammy Koehler. Jeffery Fulmer, a minor, was a passenger. They will be referred to collectively as plaintiffs. The other automobile was owned by Donald Debel and operated by Mary Debel (defendants). Defendants were then residents of Cedar Rapids in Linn County but on December 29, 1970 became residents of Minnesota.

After unsuccessful negotiations for settlement, plaintiffs, on November 18, 1971, filed a personal injury suit in which they claimed defendants were residents of Linn County. The claim of residence was in accordance with information provided at the time of the accident. They had no knowledge of defendants' later change of residence. It was another month before investigation revealed defendants were in Aitkin, Minnesota.

On December 16, 1971, two weeks prior to the expiration of the two year statute of limitations (section 614.1(2), The Code), a Minnesota sheriff personally served defendants with original notice of the suit. On January 6, 1972 defendants specially appeared, showed their Minnesota residence and claimed lack of jurisdiction by the Iowa court. The special appearance was sustained January 26, 1972. No appeal was taken.

On January 14, 1972 plaintiffs filed an amended petition, still claiming defendants were residents of Linn County, and attempted service under section 321.501, The Code (manner of service under Nonresident Motorist Service Act). The manner of service under this statute is explained in Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241. But this attempt also failed. By a special appearance filed March 13, 1972 defendants challenged jurisdiction on grounds separate mailings were not addressed to each defendant and the mailings were not by restricted certified mail. This special appearance was sustained on April 21, 1972. Again no appeal was taken.

On May 9, 1972 plaintiffs once again attempted service in the same manner only to be met by another special appearance. Defendants claimed the notice was not sent by restricted certified mail as required by statute and showed the envelope did not carry the endorsement "deliver to addressee only." See section 618.15, The Code. Defendants also claimed proof of service was not forthwith filed with the clerk of court as required by section 321.505, The Code. This third special appearance was sustained August 21, 1972. No appeal was taken.

On August 2, 1972 plaintiffs attempted another nonresident service and on September 29, 1972 defendants entered a general appearance with a motion to dismiss. They asserted the claims arose more than two years prior to commencement of suit, hence were barred by the two year statute of limitations. This appeal is from a ruling by the trial court sustaining the motion to dismiss.

Plaintiffs do not claim they acquired jurisdiction over defendants prior to the general appearance. Rather they claim the statute of limitations was tolled. It is apparent the statute of limitations was a good defense to plaintiffs' suit if, but only if, not tolled during the two year period. Plaintiffs urge alternative grounds to support their claim the statute was tolled under either rule 49, Rules of Civil Procedure, or section 614.6, The Code. Both grounds proceed from the theory defendants had a duty to give notice of their change of residence.

I. Underlying principles are well settled. They were explained in Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711 as follows:

"The general statute of limitations, now section 614.1 [The Code], provides actions founded on injuries to the person may be brought within two years, 'and not afterwards, except when otherwise specially declared'.

"Code section 614.6 provides: 'The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described.'

" * * * The trial court concluded defendant had not been a nonresident of Iowa within the meaning of the tolling statute, Code section 614.6, because at all times since the accident in 1944 he was subject to the jurisdiction of the district

court of Iowa under the provisions of the nonresident motorist service act, Code section 321.498, et seq., and, hence, the statute of limitations was not tolled. We agree with this conclusion."

The test thus established was named "inescapability from service" by Judge Graven in Denver-Chicago Trucking Co. v. Lindeman, D.C.Iowa, 73 F.Supp. 925. In Kokenge v. Holthaus, supra, we adopted this apt description.

■ The inescapability test is clearly applicable in the instant case. While living in Iowa defendants could not escape service. When defendants changed their residence to Minnesota they still could not escape because they were subject to service under the Nonresident Motorist Service Act. Accordingly, the statute was not tolled merely by nonresidence because defendants were at all times subject to service of notice.

■ II. Plaintiffs' first attempt to escape the dilemma imposed on them by Kokenge v. Holthaus, supra, is through rule 49, R.C.P. The rule provides:

"For the purpose of determining whether an action has been commenced within the time allowed by statutes for limitation of actions, whether the limitation inheres in the statutes creating the remedy or not, the delivery of the original notice *to the sheriff of the proper county* with the intent that it be served immediately (which intent shall be presumed unless the contrary appears) shall also be deemed a commencement of the action." (Emphasis supplied)

In Carpenter v. Kraft, 254 Iowa 719, 119 N.W.2d 277 we rejected a claim the same two year statute of limitations was tolled by virtue of rule 49. The facts were strikingly similar to those of the instant case. Defendants were Scott County, Iowa residents when involved in an accident there but moved to California before suit was brought. The Scott County sheriff was of course unable to serve original

notices left with him. We held the statute not tolled under rule 49. We said:

"Concededly the notice was delivered to the sheriff of Scott County for service upon defendant within this state. The notice was in proper form for service upon a defendant found here. Evidently no attempt was made to serve defendant in any other manner until September, 1961. We think the sheriff of Scott County or any other county in this state was not, under the circumstances here, 'the sheriff of the proper county,' within the meaning of rule 49, for the purpose of serving in this state a resident of California. Nor was the notice delivered to the sheriff of the proper county to be served upon defendant. Rule 49 does not provide the action shall be deemed commenced upon delivery of the notice to the sheriff of a county *assumed* to be the proper one when defendant is a resident of a distant state, especially where, as here, his address is wel, known in the Iowa neighborhood where he formerly resided and plaintiff's counsel is promptly advised of the nonresidence." (Emphasis in original) 254 Iowa at 722, 119 N.W.2d at 279.

Plaintiffs seize on a fact they claim distinguishes Carpenter v. Kraft from the instant case. In Carpenter v. Kraft the new California address was well known in defendant's former Iowa neighborhood. No showing of such knowledge or lack of it was made in this case. Plaintiffs argue lack of knowledge of defendants' move or their Minnesota address is the distinction which should exempt them from the holding in Carpenter v. Kraft.

Such an argument is however unavailable to plaintiffs. If we assume a showing of lack of knowledge of defendants' residence and further assume this somehow, under rule 49, tolls the statute, these plaintiffs are in no position to benefit. We emphasize both assumptions are to be indulged only for purposes of illustration. Within the two year period defendants were personally served with the ineffective

original notice at their home in Minnesota. Plaintiffs suggest they may have learned of defendants' physical presence in Minnesota but it does not follow they had knowledge of established residence there. On the other hand plaintiffs did by then know defendants had removed themselves from their Cedar Rapids address. The plaintiffs, to be sure, were in a difficult position due to the imminent expiration of the two year statute of limitations. But the awkwardness attending the lateness in bringing the action cannot be charged to defendants. The fact is plaintiffs, prior to the expiration of the two year period, learned of defendants' whereabouts and their removal from Cedar Rapids. There is nothing in the record to support an inference defendants misled plaintiffs as to their residence. We do not decide whether lack of knowledge of change of residence would affect the running of the statute of limitations. On this record plaintiffs cannot claim harm by any such lack of knowledge. Accordingly they cannot assert such a claim.

Plaintiffs also cite Kraft v. Bahr, 256 Iowa 822, 128 N.W.2d 261 in support of their claim the statute was tolled under rule 49. However that case involved the Nonresident Motorist Service Act, not rule 49. Rule 49 does not include the words last known address or place of abode which appear in the Act and are vital to our holding in Kraft v. Bahr. The case is not in point.

There is no merit in plaintiffs' argument rule 49 works to toll the statute for nonresident defendants. See Matney v. Currier, 203 N.W.2d 589 (Iowa. 1973) for a similar application of these principles to the same suggestion.

III. Plaintiffs next argue the statute was tolled under section 614.6, The Code. It provides: "The period of limitation above described shall be computed omitting any time when: (1) the defendant is a nonresident of the state, or * * *." Plaintiffs argue this general provision in our Code's limitations of actions chapter should be construed to omit the time of nonresidence by a former resident, especially where prospective plaintiffs are not notified of the change of residence.

We believe the statute provides even less basis than rule 49 for abrogation of our holding in Kokenge v. Holthaus, supra. The inescapability rationale remains fully applicable. In Kokenge we held Iowa residents who become residents of another state before commencement of an action are to be treated as nonresidents under the Nonresident Motorist Service Act.

We decline plaintiffs' suggestion under either theory and hold the two year statute of limitations was not tolled. It expired prior to the acquisition of jurisdiction over defendants. Their motion to dismiss was properly sustained.

Affirmed.